**Leslie Robert WHITE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 24316.**

United States Court of Appeals, Ninth Circuit.

March 4, 1970.

Joel Shawn (argued), San Francisco, Cal., for appellant.

Coley Bresee (argued), Asst. U. S. Atty., Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellee.

Before HAMLEY, KILKENNY and TRASK, Circuit Judges.

PER CURIAM:

On January 15, 1969, appellant was charged in a one count indictment with willful failure to comply with an order of his Selective Service Board to report on December 16, 1968, for instructions concerning alternative service employment.[1] He was then convicted by a jury and thereafter duly sentenced.

The record presents a portrait of an indulgent Board and United States Attorney attempting to give a young man every opportunity to avoid criminal prosecution. Appellant did not conclude that he was a conscientious objector for more than three years after he registered. On August 24, 1964, he was classified I-O. The following March, the Board received his completed SSS Form 152, in which he listed three types of civilian work. In June, 1966, appellant was directed to ap-

---

1. 50 U.S.C. App. § 462(a).

pear for a conference in connection with reaching agreement on the type of work to be performed. He did not appear on that date, nor on later dates designated by the Board. Appellant was indicted on January 18, 1968, for failing to report for civilian work on November 8, 1966, the date fixed by Board Order of October 25th. Subsequently, on November 11, 1967, the registrant notified the Board that his wife had given birth to a child. In June, 1968, the Board met, reviewed the new information, declined to reopen the appellant's file, and at the same time approved civilian work for the registrant at the Los Angeles Department of Hospitals. On June 25th, appellant was notified by the local Board that the birth of the child was not a change in status resulting from circumstances over which registrant had no control, and declined to reopen his file. On December 5th, appellant, by letter, was ordered to report to the local Board on December 16, 1968, to receive his instructions on employment. Appellant did not report for such instructions. As a result of this failure to report, he was again indicted, then prosecuted and convicted. From this conviction he appeals. Immediately after conviction and sentence on the second indictment, the first indictment was dismissed.

It is our considered view that the first order to report for civilian work, on which order the indictment of January 18, 1968, was returned, was superseded by the order of December 5, 1968, and on which order the present conviction is grounded. United States v. Hughes, 414 F.2d 1330, 1336 (9th Cir. 1969), and United States v. Stark, 418 F.2d 901 (9th

Cir. 1969) make it clear that the action of the clerk in issuing the order to report for work is a ministerial action and *Hughes*, at least by inference, holds that the second order cancels the first. 32 CFR § 1622.30(c) (3) permits the Board to cancel an order to report. The overall authority of the Board to cancel its own order is found in 50 U.S.C. App. § 460(b) (3),[2] and in the regulation promulgated pursuant to such authority. 32 CFR § 1604.54.[3] This being our conclusion, appellant is now entitled to have the Board again consider reopening his file for a hearing on his request for a III-A classification.

The judgment of the lower court is set aside and the cause remanded for proceedings in conformity herewith.

* * * * *

2. "* * * such local boards, or separate panels thereof each consisting of three or more members, shall, under rules and regulations prescribed by the President, have the power within the respective jurisdictions of such local boards to hear and determine, subject to the right of appeal to the appeal boards herein authorized, all questions or claims with respect to inclusion for, or exemption or deferment from, training and service un-

der this title [said sections], of all individuals within the jurisdiction of such local boards. * * * "

3. § 1604.54 *Jurisdiction.*
   "The jurisdiction of each local board shall extend to all persons registered in, or subject to registration in, the area for which it was appointed. It shall have full authority to do and perform all acts within its jurisdiction authorized by the selective service law."