**Roy H. MILTON, Petitioner,**

v.

**COMMANDING GENERAL, etc., et al.,**
**Respondents.**

**No. C–70 368.**

United States District Court,
N. D. California.

June 4, 1970.

———◆———

Clark A. Barrett, San Mateo, Cal., for petitioner.

U. S. Atty. James L. Browning, Jr., Asst. U. S. Atty. Richard F. Locke, for respondents.

ORDER GRANTING WRIT OF
HABEAS CORPUS

WOLLENBERG, District Judge.

Roy Milton enlisted in the California National Guard in 1965. He subsequently became a Jehovah's Witness and became convinced that military service was incompatible with his beliefs. He has since made three attempts to be released from service, but has yet to be accorded a decision on the merits of his claim.

His first application for discharge was made through his National Guard unit commander, who recommended that he seek a ministerial exemption under AR 135–91. The application was denied in late 1968, with no reason given, and Milton ceased going to Guard meetings. He was discharged on May 25, 1969, for "unsatisfactory performance as a guardsman".

On May 19, the Guard had notified Milton's draft board that he would be ordered to active duty pursuant to 10 U.S.C. § 673. Milton, however, had requested, four days earlier, a Form 150, i. e. a "Special Form for Conscientious Objector". This was duly filed with the board on June 27, but was not acted upon, since Milton proved eligible for a III–A classification. The latter was short-lived, however, and Milton was soon arrested, court-martialed, and sent on active duty. The Form 150 remains dormant in his local board file.

Petitioner next filed an application for discharge under AR 135–20, the Army's equivalent of the conscientious objector exemption provided by the Selective Service System. This application was denied on the ground that Milton's views had become fixed prior to his entry on active duty. It is this determination the validity of which is now before the Court, which must ascertain if the determination was appropriately grounded in fact and was made in accordance with the applicable law. Negre v. Larson, 418 F.2d 908 (9 Cir. 1969).

No one has questioned the sincerity and religiosity of petitioner's beliefs. Nor does petitioner deny that these beliefs matured prior to his actual entry onto active duty pursuant to 10 U.S.C. § 673. The issue here, then, is whether the Review Board properly interpreted the crystallization requirements of AR 635–20, par. 3, to bar from in-service relief a conscientious objector who has made diligent and timely efforts to have his claim heard by the proper forum, but who has, prior to entry on active duty, chosen the wrong forum or procedure due to his own lack of legal advice as well as improper guidance from his military superiors and Selective Service Board.

The government would make all turn on who had jurisdiction over petitioner at the time he was discharged from the National Guard. Milton, and by implication his draft board, believed that the board got jurisdiction, and his application was therefore filed with it. The government argues that since the Guard had made clear its intent to order petitioner to active duty under 10 U.S.C. § 673, jurisdiction upon discharge from the Guard inhered at once in the Army, and that the application with the draft board was therefore of no effect. John Phillip Rickerts v. Maj. Gen. T. A. Kenan, Civ. 51713 (N.D.Calif.).

The Court finds that there is no need to wend its way through the jurisdictional labyrinth herein presented, since the decision by the Review Board on its face shows that AR 635–20 was misinterpreted no matter what theory of jurisdiction is adopted. That decision (Government's Exhibit A, page 4) went on the premise that petitioner "received a general discharge from his National Guard unit * * * and was under the jurisdiction of his local draft board" and had filed his Form 150 at that time. If this was the case he should not have been inducted as there was in his file an undetermined claim for conscientious objector status.

Knox v. United States, 200 F.2d 398, 401–402 (9 Cir. 1952); see also Leslie Robert White v. United States, 422 F.2d 1254 (9 Cir., Mar. 4, 1970). If, however, petitioner came immediately under the Army's jurisdiction on May 25, 1969, the whole premise of the Review Board's decision is faulty. "Crystallization", if applicable at all to such a case, should not have been judged as of September 23, 1969, when petitioner was arrested, but rather as of the earlier date, when he was discharged from the National Guard.

Such an analysis is strengthened by this Court's belief that the "crystallization" requirements of AR 635.20 and 32 C.F.R. § 1625.2, and analogous statutes and regulations, are best interpreted as designating the proper forum for an individual to bring a conscientious objector claim rather than as a device for depriving certain unlucky persons of any forum at all. Petitioner herein, without legal counsel, acting on the advice of his commanding officer, and with the acquiescence of his draft board, guessed wrong on a complicated question, the answer to which is still unclear. The regulations cited should not be interpreted to deny to a conscientious objector in this situation a hearing on the merits of his claim. See Ehlert v. United States, 422 F.2d 332 (9 Cir. 1970) (both dissenting and concurring [note 3] opinions).

Accordingly, the Court finds that petitioner has made a prima facie showing of entitlement to conscientious objector status, and that his application for relief was wrongly denied due to an erroneous interpretation of the provisions of AR 635–20, par. 3. It is hereby ordered that the petition for a writ of habeas corpus be granted, and that petitioner, Roy H. Milton, being illegally restrained of his liberty, be discharged from the custody of the United States Army and respondents forthwith.