**UNITED STATES of America,
Appellee,**

v.

**Norris Hewitson KERR, Appellant.**

**No. 25344.**

United States Court of Appeals,
Ninth Circuit.

March 19, 1971.

**690**

Luke McKissack, Hollywood, Cal., for appellant.

Bart M. Schouweiler, U. S. Atty., Alan B. Andrews, Asst. U. S. Atty., Las Vegas, Nev., for appellee.

Before BARNES and TRASK, Circuit Judges.

PER CURIAM:

Appellant was charged with co-defendant Snyder[1] with violating the Mann Act, 18 U.S.C. §§ 2421 and 2422.

Appellant claimed as error:

1) That a fatal discrepancy existed between the date charged ("on or about May 20, 1964") and the date of the interstate transportation proved (July, 1964).

2) That his conviction rested upon the uncorroborated testimony of an untrustworthy witness.

3) That the pre-arrest delay required the dismissal of the indictment.

■ The third error urged was raised in the appeal of co-defendant Snyder, and was held to be without merit. The same rule here applies.

The charge of a fatal discrepancy between May 20, 1964, and July, 1964 (the date charged), is also without merit. Count IV (the sole count on which appellant was convicted), charged him with inducing and coercing the complaining witness, "who had not then attained her eighteenth birthday" (C.T. p. 17, line 25), to travel from Colorado to Nevada to engage in prostitution.

If the complaining witness is to be believed, she was born October 19, 1946, and did not turn eighteen until October 19, 1964. Appellant paid for transportation by airplane from Denver, Colorado, to Las Vegas, Nevada, prior to her staying at his apartment in Las Vegas. She stayed in appellant's apartment at the Playpen Apartments while he was living there. He lived there from May 20, 1964, until September 20, 1964. During this time she worked as a prostitute, and paid her earnings to appellant. Thus, both her trip from Colorado to Nevada and her work as a prostitute while living with appellant at Las Vegas were *prior* to her becoming eighteen years of age.

■ The statute of limitation on the crime charged is five years. (18 U.S.C. § 3282) The indictment of appellant was filed March 5, 1968. Any acts allegedly occurring after March 5, 1963, and before October 19, 1964, were therefore within the statute of limitations, and before the complaining witness became eighteen, and the particular day within that period charged as the date of the crime was not, *per se*, material.

■ Charging the commission of criminal acts within the period of the statute of limitations is normally not a denial of due process, United States v. Ewell, 383 U.S. 116, 122, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966), absent a showing of prejudice, United States v. Lewis, 406 F.2d 486 (7th Cir. 1969).

■ Ordinarily, proof of the commission of the act charged any day before the indictment, and within the statute of limitations, will be sufficient.[2] Ledbetter v. United States, 170 U.S. 606, 612, 18 S.Ct. 774, 42 L.Ed. 1162, (1898); 1 Wright, Federal Practice and Procedure, § 125 at 747.

■ Finally, appellant urges the insufficiency of the evidence, because of the complaining witness's alleged untrustworthiness, and the alleged lack of

1. United States v. Snyder, 9 Cir., 429 F.2d 1242.

2. We note the trial judge found the only prejudice claimed by the defendant, if any, was a hazy memory—and therefore granted the appellant liberal discovery.

corroboration. This was a matter for the trier of fact to weigh. The complaining witness in a crime of this kind is not an accomplice. There was corroboration in the record: the complaining witness's birth certificate confirming her age, hotel records, and prostitution licenses confirming the type of life that witness led.

The conviction is affirmed.