John Henry WRIGHT, Plaintiff-Appellant,

v.

Dee INGOLD, as Acting Director of the Selective Service System, et al., Defendants-Appellees.

No. 18434.

United States Court of Appeals, Seventh Circuit.

May 18, 1971.

Rehearing Denied July 13, 1971.

John N. Tierney and Gordon G. Waldron, Chicago, Ill., for plaintiff-appellant.

William J. Bauer, U. S. Atty., Richard F. Sprague, Asst. U. S. Atty., Chicago, Ill., for defendant-appellee; John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., Chicago, Ill., of counsel.

Before FAIRCHILD and STEVENS, Circuit Judges, and GRANT, District Judge.*

STEVENS, Circuit Judge.

On April 14, 1970, appellant filed this action seeking to enjoin appellees from inducting him into the Armed Forces. On the authority of § 10(b)(3) of the Military Selective Service Act of 1967,[1] which prohibits pre-induction review of the classification or processing of registrants, the district court dis-

---

* District Judge, Northern District of Indiana, sitting by designation.

1. 81 Stat. 104, 50 U.S.C.App. § 460(b) (3).

missed the complaint. We, therefore, accept the factual allegations as true for the purpose of this decision.

Appellant is a conscientious objector whose beliefs did not crystallize until after he received his order to report for induction. A few days after receiving his induction notice appellant wrote to his local board, advising that his beliefs did not allow him to go into the Army. The local board sent him SSS form 150 for conscientious objectors, which he promptly completed and returned. The board then postponed his induction until further notice and invited him to appear for questioning.

At the time of his appearance he requested that an attorney from the Mandel Clinic of the Legal Aid Bureau be permitted to represent him. The lawyer was excluded from the hearing by the local board.[2]

On the day following his appearance, appellant was notified by mail that the board would not reopen his classification. Thereafter his requests for a statement of reasons for denial, and for review of the local board's action, were unsuccessful. Ultimately he was ordered to report for induction on April 22, 1970. This litigation was then commenced.

Appellant makes three basic contentions: (1) that he had a right to have counsel present during an appearance before his local board; (2) that his all white draft board, comprised of nonresidents of an area which has a substantial Negro population, was selected in violation of the applicable regulations and was without power to induct Negroes; and (3) that he presented a prima facie claim for conscientious objector status which required a reopening of his 1–A classification. We have concluded that the Supreme Court's recent decision in Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625, requires rejection of the first and third contentions, and that consideration of the second is foreclosed by § 10(b) (3).

### I.

The second proviso to 32 C.F.R. § 1624.1(b) states that "no registrant may be represented before the local board by anyone acting as attorney or legal counsel." Appellant challenges the validity of this proviso. Since there is no explicit statutory support for a regulation absolutely barring lawyers from Selective Service hearings,[3] and since the challenge raises a clear issue of law unclouded by any factual questions, we assume that pre-induction review of this issue is not barred by § 10(b) (3).[4] Moreover, since no court has yet squarely upheld the validity of this portion of the regulations,[5] and its origin and jus-

---

2. Appellant was informed that no attorney other than the government appeal agent was allowed, see 32 C.F.R. § 1604.71, and that if necessary a guard would require the lawyer to leave.

3. United States v. Weller, 401 U.S. 254, 257, 91 S.Ct. 602, 605, 28 L.Ed.2d 26.

4. See Clark v. Gabriel, 393 U.S. 256, 258, 89 S.Ct. 424, 21 L.Ed.2d 418; Oestereich v. Selective Service, etc., Board, 393 U.S. 233, 239, 89 S.Ct. 414, 21 L.Ed.2d 402 (Harlan, J., concurring); Breen v. Selective Service Local Board, 396 U.S. 460, 468, 90 S.Ct. 661, 24 L.Ed.2d 653 (Harlan, J., concurring); Bucher v. Selective Service System, 421 F.2d 24 (3rd Cir. 1970); Fein v. Selective Service System Local Board No. 7, 430 F.2d 376, 382 (2d Cir. 1970) (Lumbard, C. J., dissenting) cert. granted 401 U.S. 953, 91 S.Ct.

975, 28 L.Ed.2d 236; see also Foley v. Hershey, 409 F.2d 827 (7th Cir. 1969) (per curiam).

5. Neither the fact that the Sixth Amendment is inapplicable, see United States v. Zucker, 161 U.S. 475, 480–481, 16 S.Ct. 641, 40 L.Ed. 777, since draft board hearings are not comparable to criminal proceedings, see, e. g., United States v. Mientke, 387 F.2d 1009 (7th Cir. 1967) cert. denied 390 U.S. 1011, 88 S.Ct. 1261, 20 L.Ed.2d 162, nor the holdings that a local board has no affirmative duty to advise a registrant of his right to counsel or to provide counsel for him, see, e. g., Camp v. United States, 413 F.2d 419, 421–422 (5th Cir. 1969), disposes of appellant's challenge to the validity of a regulation that bars the appearance of legal counsel at any board hearing. See

tification are somewhat obscure,[6] we may assume that enforcement may deprive some registrants of their liberty without due process of law.[7] Nevertheless, we are persuaded that even if the regulation is invalid, the judgment dismissing appellant's complaint must be affirmed.

The proceeding at which appellant requested permission to have counsel present was held after his induction order had already issued. He was seeking to persuade the local board that the late crystallization of his beliefs was a change in his status which justified a reopening of his classification.[8] In essence, appellant contends that the exclusion of his attorney deprived him of a fair hearing on his claimed right to a reopening.

■■ It has been decided, however, that the claim which appellant first asserted after receiving his induction notice gives him no right to any hearing at all before his local board. Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625. It was his duty to submit to induction and thereafter seek relief from an appropriate military tribunal. Thus, no substantive right to reopening was impaired by the procedural unfairness of the board's hearing even if we accept all of appellant's allegations.

It is possible, of course, that since the members of the local board did question appellant about his beliefs, they might have become convinced of his sincerity if his lawyer had been permitted to make sure that his position had been accurately communicated to the board.[9] Indeed, for purposes of decision, we may assume that the board would have cancelled appellant's induction order if counsel had been present. Thus, even

United States v. Pitt, 144 F.2d 169, 172 (3rd Cir. 1944); United States v. Phifer, 440 F.2d 462 (7th Cir. 1971; cf., Goldberg v. Kelly, 397 U.S. 254, 270, 90 S.Ct. 1011, 25 L.Ed.2d 287.

6. The prohibition which was included in the 1940 regulations, Selective Service Regulations § 369(a), Exec. Order No. 8559, 5 Fed.Reg. 3923, 3932 (Oct. 8, 1940), may have been suggested by World War I regulations which were adopted to implement a 60-day mobilization plan. Those regulations described the lawyer's duty to the State in terms which suggested that recognition of an individual client's interest in deferment or exemption might be unpatriotic:

"* * * All lawyers and physicians should regard it as their duty to identify themselves with the Advisory Boards provided for in sections 44 and 45, and freely and without compensation to give their best service to the Nation. It is inconsistent with this duty for lawyers to seek clients for the purpose of urging and advocating individual cases in any other way than as disinterested and impartial assistants of the Selective Service System." Selective Service Regulations (2d ed. 1918) § 46, p. 28.

7. Although induction into the Army is not punishment, it creates a custody status enabling the inductee to invoke the writ of habeas corpus. See Schlanger v. Seamans, 401 U.S. 487, 490–492, 91 S.Ct.

995, 998, 28 L.Ed.2d 251; Hammond v. Lenfest, 398 F.2d 705, 710–712 (2d Cir. 1968). Consideration of appellant's due process contention would, of course, require a careful analysis of the nature of the Selective Service proceeding. See Hannah v. Larche, 363 U.S. 420, 442, 80 S.Ct. 1502, 4 L.Ed.2d 1307; Norwegian Nitrogen Products Co. v. United States, 288 U.S. 294, 318, 53 S.Ct. 350, 77 L.Ed. 796; see also In re Groban, 352 U.S. 330, 77 S.Ct. 510, 1 L.Ed.2d 376; Anonymous Nos. 6 and 7 v. Baker, 360 U.S. 287, 79 S.Ct. 1157, 3 L.Ed.2d 1234.

8. 32 C.F.R. § 1625.2 provides, in part: "* * * the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction * * * unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."

9. Curiously, the importance of understandable communication is recognized in the first proviso to § 1624.1(b), but the second proviso assumes that anyone able to speak English will never need the assistance of an "interpreter" even though interpretation and communication are uniquely the skills of a lawyer. See Fleming v. Tate, 81 U.S.App.D.C. 205, 156 F.2d 848 (1946).

though he had no right to a reopening, he may have been prejudiced by the unfair denial of an opportunity to have his induction order cancelled.

This possibility might have been sufficient to warrant review if the Supreme Court had decided nothing more than the issue identified in the first sentence of its opinion in *Ehlert*.[10] For if it had merely held that there is no requirement that a "local board must reopen" in response to a claim such as appellant's, presumably a board could exercise discretion to consider the merits of some such claims as it did in this case. But the Court's statement of its holding at the end of the opinion is broader than its initial statement of the issue.[11] The Court holds that the regulation bars the presentation of appellant's claim to his local board. Quite clearly, therefore, the district court could not grant the injunctive relief which appellant seeks.[12]

## II.

Appellant's second contention is a two-pronged attack on the composition of his local board. He alleges that the entire board was appointed in violation of Selective Service Regulation § 1604.-52(c) [13] because none of the members was a resident of the area in which the board has jurisdiction; he also alleges that all five members are white and that the area has a substantial black population, of which he is a member.

As alleged, the attack on the composition of the board asks us to rule as a matter of law either (1) that all of the board's induction orders are void because of the claimed violation of the regulation, or (2) that at least those orders affecting black registrants are void because the board members are all white.

■ The residence requirement in the regulation has been construed as mandatory, United States v. Cabbage, 430 F.2d 1037, 1041 (6th Cir. 1970), but this court has held it to be merely directory, Czepil v. Hershey, 425 F.2d 251, 252 (7th Cir. 1970) cert. denied Czepil v. Tarr, 400 U.S. 849, 91 S.Ct. 44, 27 L. Ed.2d 87. Under either view, we are satisfied that the violation of the regulation would not be a sufficient basis for attacking the de facto authority of the board. See Ex parte Ward, 173 U.S. 452, 456, 19 S.Ct. 459, 43 L.Ed. 765; United States ex rel. Doss v. Lindsley, 148 F.2d 22 (7th Cir. 1945).[14]

10. "The question in this case is whether a Selective Service local board must reopen the classification of a registrant who claims that his conscientious objection to war in any form crystallized between the mailing of his notice to report for induction and his scheduled induction date." 402 U.S. at 100, 91 S.Ct. at 1321.

11. "Given the prevailing interpretation of the Army regulation, we hold that the Court of Appeals did not misconstrue the Selective Service regulation in holding that it barred presentation to the local board of a claim that allegedly arose between mailing of a notice of induction and the scheduled induction date." 402 U.S. at 107–108, 91 S.Ct. at 1325.

12. In pertinent part, the prayer for relief asks for judgment.
    "B. Preliminarily enjoining defendants from inducting plaintiff into the Armed Forces of the United States during the pendency of this action.
    "C. Ordering defendants to cancel the outstanding order for plaintiff's induction into the Armed Forces.

    "D. Ordering defendants to reopen plaintiff's classification, with rights of appearance and appeal."

13. When the complaint was filed, § 1604.-52(c) provided, in part:
    "The members of local boards shall be citizens of the United States who shall be residents of a county in which their local board has jurisdiction and who shall also, if at all practicable, be residents of the area in which their local board has jurisdiction. * * * *"
    The regulation has since been amended to eliminate the area residence requirement. See Exec. Order No. 11555, 35 Fed.Reg. 14191 (Sept. 9, 1970).

14. Moreover, the policy considerations which support the doctrine which gives validity to the acts of public officers notwithstanding defects in their appointment are consistent with the purpose of § 10(b) (3):
    "The doctrine which gives validity to acts of officers *de facto*, whatever defects there may be in the legality of their appointment or election, is founded upon

 Nor do we believe that induction orders affecting the members of one race are void as a matter of law because the board was composed of members of a different race. Presumably to avoid what would otherwise be a plain barrier to pre-induction review, appellant's complaint carefully avoids any charge of discrimination in the processing of his own classification, or any charge of purposeful exclusion of blacks in the selection of the membership of the local board.[15] If we were to assume that such charges are impliedly raised by the complaint, it would follow that the factual issues to be litigated would inevitably transgress the limits of pre-induction review which are identified in Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418; Oestereich v. Selective Service, etc., Board, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402, and Breen v. Selective Service Local Board, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653.

We, therefore, conclude that the composition of the board may not be attacked on the narrow legal grounds which are alleged in the complaint, and that if the broader problem of possible discrimination which may underlie the disturbing and improbable composition of this board were to be reviewed now, the issues would necessarily encompass the kind of factual litigation that § 10(b) (3) was intended to foreclose.

### III.

 Appellant's final contention is that he presented a prima facie claim of late-crystallized conscientious objector status to his board which required a reopening of his 1–A classification. This contention is squarely foreclosed by Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625.

The judgment of the district court dismissing the complaint is, therefore, affirmed.

---

considerations of policy and necessity, for the protection of the public and individuals whose interests may be affected thereby. * * * It is manifest that endless confusion would result if in every proceeding before such officers their title could be called in question. * * *" Norton v. Shelby County, 118 U.S. 425, 441–442, 6 S.Ct. 1121, 1125, 30 L.Ed. 178.

5. *Cf.* Duvernay v. United States, 394 F.2d 979 (5th Cir. 1968) affirmed by an equally divided court 394 U.S. 309, 89 S. Ct. 1186, 22 L.Ed.2d 306.