**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Marlyn Lee JONES, Defendant-Appellant.**

**No. 18369.**

United States Court of Appeals,
Seventh Circuit.

July 21, 1971.

Ronald P. Alwin, Terence MacCarthy, Director, Joseph Beeler, Federal Defender Program, Inc., Chicago, Ill., for defendant-appellant.

William J. Bauer, U. S. Atty., Richard F. Sprague, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee; John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., of counsel.

Before HASTINGS, Senior Circuit Judge, and FAIRCHILD and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Marlyn Lee Jones appeals his conviction by the district court, sitting without a jury, for failure to submit to induction into the armed forces, 50 U.S.C. App. § 462.

Jones, who had been classified I–A since January, 1967, was ordered on April 16, 1968, to report for induction. On May 1, 1968, he appeared at the induction station, but refused to submit to induction. He presented a short written statement to the officials:

> I refuse to be inducted into the armed forces because of my beliefs as a Christian, a believer in the power of God and love and creation, a power which I believe will bring ultimate peace on earth. These beliefs are in direct conflict to my participation in any organization whose purpose it is to spread death, destruction, and hate. * * * Being raised by my Christian parents, I learned the Holy Bible, I learned the Ten Commandments; I learned the Commandment of God which told me: "Thou shalt not kill," a commandment which I cannot betray since I owe allegiance first to my Creator and secondly to my country. * * *
>
> Therefore, I, because of my religious training and background, refuse induction into the Armed Forces on the grounds of conscientious objection.

In July, 1968, Jones was indicted for failure to submit to induction, and his

case was continued until July 30, 1969. Jones submitted a conscientious objector form (SSS Form 150) to his local draft board along with a letter explaining why he did not apply for a I–O classification prior to the mailing of the induction order, and requesting a reopening of his classification. On July 29, 1969, the day before the trial was to commence, the district court again continued the case because the board had taken no action. Upon joint motion of the parties, the court returned the selective service file to the board to allow it to review the case.

On September 30, 1969, the registrant, accompanied by a minister, appeared before the board for a "courtesy interview" and, for nearly 45 minutes, answered questions about the source and content of his conscientious objector beliefs. The board concluded, as summarized by the clerk, that Jones' "beliefs were based more on a 'political, a sociological or philosophical view, or a merely personal code.' "

On the following day, the board sent Jones this letter:

> Board members determined after lengthy discussion that there was no change in classification. All evidence considered. No change in the registrant's status resulting from circumstances over which he had no control. Classification not reopened.

Shortly thereafter, Jones was ordered to report for induction and again refused.[1] His conviction followed.

The issue before us is whether the board properly refused to reopen Jones' classification.

■ After reviewing the selective service file before us, we conclude that Jones was not entitled to a reopening since he had filed his claim for I–O classification after the mailing of the induction order to him. Section 1625.2 of the

Selective Service Regulations, 32 C.F.R. § 1625.2, provides in part:

> * * * the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction * * * unless the local board specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control.

In Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971), the Supreme Court held that conscientious objector claimants who file their request for I–O reclassification after the mailing of the induction order must be denied reopening.

It is undisputed in the case at bar that the defendant had not filed any claim for I–O classification before the mailing of the induction order to him on April 16, 1968. While the board could have been explicit, we believe that it intended lateness as a basis for its decision denying reopening. The board's letter to Jones advising of its refusal to reopen makes reference to the lateness regulation by paraphrasing part of it.

■■ We realize that a reading of the board's letter additionally reveals that it decided that Jones did not present a *prima facie* case for I–O classification. The letter states, "All evidence considered." This must include references to Jones' statements at the courtesy interview concerning his conscientious objector beliefs. The board's characterization of them in the summary of the interview as "merely personal" as a basis for denying reopening, indicates a misunderstanding of the law. It is now settled that a registrant who deeply believes that he cannot participate in war is entitled to a I–O classification. Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970); United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965). Con-

---

1. Although Jones refused induction on two occasions, the indictment refers only to May 1, 1968, as the date of the offense, and this is the only date which is before us on this appeal.

scientious objector beliefs do not have to be based on organized religious tenets, as long as they occupy the place of religion for the registrant. In any event, Jones' beliefs appear to be based on the teachings of the Bible, Hinduism and Buddhism, which would be sufficient under any standard governing I–O beliefs.

Yet, we do not believe this would have entitled Jones to a reopening. Under *Ehlert,* registrants professing conscientious objector beliefs must be denied reopening if they file their claim after the mailing of the induction order.

█ The registrant urges that a decision by the board on the merits of his late-filed I–O claim constitutes a *de facto* reopening, entitling him to a personal appearance and an administrative appeal.[2] A decision not to reopen, which is based solely on the merits and is adverse to a registrant who has otherwise stated a *prima facie* case for a new classification, would violate the teachings of Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970).[3] A board may not resolve issues of credibility without affording a registrant the rights attendant upon reopening. Nevertheless, the board's refusal to reopen in this case was also based on the late-

ness of the claim, which is a bar to reopening under Ehlert v. United States, *supra.* Since this was an independent ground for the board's decision, we need not reach the question whether the board's alleged decision on the merits would have amounted to a *de facto* reopening.

█ Jones asserts that the board did not adequately state its reasons for refusing to reopen his classification, and we agree. United States v. Lemmens, 430 F.2d 619 (7th Cir. 1970); United States ex rel. Hemes v. McNulty, 432 F. 2d 1182 (7th Cir. 1970). The mere paraphrasing by the board in its letter to Jones of a portion of § 1625.2 does not apprise the interested parties of the factual findings which supported its refusal to reopen. The board should have been specific in stating that Jones' claim was filed after the mailing of the induction order.

Nevertheless, these comments do not change the result in this case. Jones had filed his claim too late, and this constitutes a basis in fact for the board's decision to deny reopening. For this reason, we must affirm the conviction.

Affirmed.

2. There is a distinction between a courtesy interview, conducted in this case, and a personal appearance, required after reopening. As the Supreme Court stated in Mulloy v. United States, 398 U.S. 410, 415, 90 S.Ct. 1766, 1770, 26 L.Ed.2d 362 (1970):

> While the petitioner here was given an interview as a matter of courtesy, the board's refusal to reopen his classification denied him the opportunity for an administrative appeal from the rejection of his conscientious objector claim. Therefore, if the refusal to reopen was improper, petitioner was wrongly deprived of an essential procedural right, and the order to report for induction was invalid.

3. *Mulloy* states at 416, 90 S.Ct. at 1771:
> Where a registrant makes nonfrivolous allegations of facts that have not been previously considered by his board, and

that, if true, would be sufficient under regulation or statute to warrant granting the requested reclassification, the board must reopen the registrant's classification unless the truth of these new allegations is conclusively refuted by other reliable information in the registrant's file. See United States v. Burlich, D.C., 257 F.Supp. 906, 911. For in the absence of such refutation there can be no basis for the board's refusal to reopen except an evaluative determination adverse to the registrant's claim on the merits. And it is just this sort of determination that cannot be made without affording the registrant a chance to be heard and an opportunity for an administrative appeal. *Mulloy,* decided before *Ehlert,* concerned a I–O claim filed before the mailing of the induction order and left open the question of its application to late filing claimants.