**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Charles MARTIN, Defendant-
Appellant.**

**No. 71–1007.**

United States Court of Appeals,
Seventh Circuit.

Oct. 27, 1971.

Rehearing Denied Nov. 23, 1971.

George E. Faber, Chicago, Ill., for defendant-appellant.

William J. Bauer, U. S. Atty., Michael D. Stevenson, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee; John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., of counsel.

Before SWYGERT, Chief Judge, and KILEY and STEVENS, Circuit Judges.

PER CURIAM.

John Charles Martin appeals from his conviction for refusing to submit to induction into the armed forces in violation of 50 U.S.C. App. § 462. The issues on appeal relate to the defendant's attempt to be exempted as a conscientious objector.

The defendant registered with his local board at Burlington, Iowa, in 1962 and was classified I–A in 1963. Subsequently he was reclassified on several occasions and on June 25, 1968 was again classified I–A. On appeal the classification was affirmed. On September 17, 1968 the local board ordered the defendant to report for induction on October 7, 1968. On October 1 the defendant filed his Form 150 with the board, claiming to be a conscientious objector. As a result, the local board postponed the defendant's induction until "review by National Director." Thereafter the board received various letters from persons supporting the defendant's conscientious objector claim, and on October 16 he was denied a I–O classification. The defendant's se-

lective service file was then forwarded to the national director. On November 26, 1968 the national director, after reviewing the file, notified the Iowa State Director that he would take no action and instructed the state director to rescind the postponement. The national director's decision was relayed by the Iowa State Selective Service System to the local board, advising it to review the defendant's Form 150 and not to reopen without the state director's authorization. On December 17, 1968 defendant's local board advised the defendant that it had again reviewed his claim and supporting letters and after "careful consideration" determined that there was "no change in your status which would warrant reclassification." The local board's letter further stated that this denial was based " * * * on statements showing a political belief rather than religious and the filing of the claim is considered untimely."

On December 18, 1968 the local board notified the defendant that he was to report for induction on January 15, 1969. After Martin requested and received approval to transfer his induction to Chicago, a second order was mailed which required him to report for induction on February 20, 1969. The defendant reported in Chicago on February 24, 1969 but refused to submit to induction. The defendant's indictment followed, and, after a bench trial, he was found guilty and sentenced.

■■ Defendant's major contentions on this appeal are that he presented a prima facie case for his entitlement to the I-O classification which required reopening of his classification notwithstanding the tardiness of his claim and that the action of the board in refusing reopening was a determination on the merits and a de facto reopening. Both of these arguments have been foreclosed by recent decisions of the Supreme Court and of this court. In Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971), the Supreme Court held that requests for reopening based upon claims for the I-O classification which are filed after the mailing of an induction order must be denied. Wright v. Ingold, 445 F.2d 109, 113 (7th Cir. 1971); United States v. Jones, 447 F.2d 589, 592 (7th Cir. 1971). Defendant's argument that the denial of the I-O classification was a de facto reopening is also foreclosed by *Jones* which held in substance that, reading Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970), and *Ehlert* together, no de facto reopening can take place where a claim for exemption is untimely.

■ Defendant argues that *Jones* does not apply because his claim to the I-O classification was not untimely. He bases this argument on the theory that the postponement on October 1, 1968 of his order to report for induction was by the local board acting solely on its own authority, that the postponement continued for more than the sixty days permitted under the authority of the local board by 32 C.F.R. § 1632.2(a) and that this overlong postponement constituted a cancellation of the order to report so as to render the filing of the Form 150 timely. Assuming, *arguendo*, that postponement of induction beyond sixty days by a local board acting on its own authority would be sufficient cause to vitiate this conviction, the defendant's argument misinterprets the facts with regard to the postponement. As the postponement order clearly states, it was issued "by authority of State Director of Iowa Selective Service, Col. Glenn R. Bowles." 32 C.F.R. § 1632.2(a) specifically provides that the national and state directors of selective service may postpone a registrant's induction after the issuance of an order to report "until such time as [they] may deem advisable." 32 C.F.R. § 1632.2(a) (1971). The order to report was properly effective from the date of its issuance until Martin refused induction, and his Form 150 was untimely filed.

■ Finally, defendant contends that the indictment herein was defective under Rule 7(c), Fed.R.Crim.P., because it failed to allege that he refused induction into the armed forces on the ground

**632**

that inclusion of the words "armed forces" is necessary to charge an offense under 50 U.S.C. App. § 462. Such a mechanistic application of Rule 7(c) is not required. The defendant had fair and adequate notice of the crime charged.

The judgment of the district court is affirmed.