Frank **RODRIGUEZ**, Defendant-Appellant,

v.

**UNITED STATES** of America, Plaintiff-Appellee.

No. 18947.

United States Court of Appeals, Seventh Circuit.

Oct. 15, 1971.

Rehearing Denied Jan. 19, 1972.

Rodney H. Bayless, Gary, Ind., for defendant-appellant.

William J. Bauer, U. S. Atty., Mary L. Sfasciotti, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee; John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., of counsel.

Before DUFFY, Senior Circuit Judge, and KILEY and KERNER, Circuit Judges.

DUFFY, Senior Circuit Judge.

Defendant was convicted of violating Title 50 U.S.C. App. § 462 for failure to submit to induction on May 5, 1970.

On June 28, 1967, defendant was classified I–A by his Local Board. He also was informed of the name of the Government Appeal Agent, one Stanton. Defendant did not appeal his classification. On June 14, 1968, defendant was ordered to report for a physical examination but he could not appear because he was, at that time, serving a six months' term for the sale of narcotics.

During his incarceration, defendant was reclassified I–Y. On April 11, 1969, defendant was again classified as I–A and was again informed of draft appeal procedure.

Defendant was ordered to report for a physical examination on June 10, 1969, and passed. On March 4, 1970, defendant mailed a Current Information Questionnaire to his draft board showing he was married on December 10, 1969, but that he had no children. On March 18, 1970, his local board mailed defendant an induction order for April 2, 1970.

On March 20, 1970, defendant's wife visited a doctor who determined she was pregnant. On March 23, 1970, the defendant personally advised his local board of her pregnancy.

Defendant did not report for induction on April 2, 1970, as ordered, due to

extremely bad weather, a fact uncontested by the Government. On April 20, 1970, defendant was ordered a second time to report for induction on May 5, 1970.

On April 30, 1970, five days before his second induction date, defendant informed his local board he was one of Jehovah's Witnesses, that he desired to complete a conscientious objector form and have a meeting with the Board. He completed Form No. 150 for conscientious objector claims, as well as a special list of questions for Jehovah's Witnesses, filing the forms the following day. On May 4, 1970, the Board held a meeting and decided there was no change in the status of defendant from circumstances over which defendant had no control [1] and advised defendant to report for induction the next day. Defendant did report but refused to step forward.

 In our view, the second order for induction of April 20, 1970, cancelled and superseded the first induction order. This being our conclusion, defendant's application to the Board for a III–A classification was timely made. Therefore, defendant is entitled to have the Board again consider reopening his file for a hearing on the information provided the Board on March 23, 1970 on defendant's request for a III–A classification. White v. United States, 422 F. 2d 1254 (9 Cir., 1970).

In *White, supra,* the Court considered a somewhat similar situation. There, the registrant was indicted for failure to report for alternative service employment after receipt of an order. His Board had declined to reopen his file on the ground of the birth of a child. A subsequent order to report was then issued. The Court held that the first order was superseded by the second order on which the conviction was granted, as in the case at bar. The Court concluded the second order cancelled the first.

▮ We thus find it unnecessary to rule upon defendant's right to a hearing before the Board to consider his claim as a conscientious objector three years after he registered and five days before induction. In passing on this issue, the Supreme Court in Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L. Ed.2d 625 (1971) concluded that a local board was not required to consider late crystallizing, post induction conscientious objector claims. This Circuit in Wright v. Ingold, 445 F.2d 109 (7 Cir., 1971) had occasion to consider the impact of the *Ehlert, supra,* decision on post induction conscientious objector claims. This Court, in the *Wright, supra,* decision found the plaintiff was foreclosed from presenting the claim and had no right to a hearing before the local board. It is our opinion this is now the law of the Seventh Circuit.

The judgment of the District Court is reversed and remanded for further proceedings in conformity with this opinion.

Reversed and remanded.