**UNITED STATES of America**

v.

**Ritzie Francis BALICK.**

**No. 71 CR 328.**

United States District Court,
N. D. Illinois, E. D.

June 8, 1972.

D. C. Shine, Asst. U. S. Atty., Chicago, Ill., for plaintiff.

Sidney Ezra, Chicago, Ill., for defendant.

MEMORANDUM OPINION
AND ORDER

McLAREN, District Judge.

Defendant is charged with knowing failure to submit to induction into the armed forces as ordered in violation of 50 U.S.C.App. § 462. A non-jury trial was held and defendant moved for a judgment of acquittal. The motion is denied. The Court finds from all the facts that defendant is guilty beyond a reasonable doubt, and judgment of guilty as charged is accordingly entered.

On April 30, 1970, defendant Balick was mailed an order to report for induction on May 25, 1970. Balick wrote to his local Selective Service Board on May 7, 1970 requesting to be "relieved of his duties" because he was enrolled in one course at Roosevelt University. His board directed him to submit information as to the duration of this course. Defendant neither supplied the information nor reported for induction as ordered.

On June 8, 1970 defendant was directed to report for induction on June 24, 1970. In the interim, defendant notified his local board that he intended to file for conscientious objector status and the local board requested and received from state Selective Service headquarters a postponement of his induction.

The local board reviewed defendant's conscientious objector claim and determined that it did not warrant the reopening of his classification since there

was no change in his status resulting from circumstances over which he had no control. On August 18, 1970, Balick was ordered to report for induction on September 2, 1970. Three subsequent letters of support for defendant's claim also were considered by the local board prior to the reporting date. On September 2, 1970, defendant reported to the induction center but refused to accept induction.

■ Defendant argues that his Sixth Amendment right to confront and cross-examine his accusers was violated because the government based its whole case on the defendant's Selective Service file, admitted pursuant to stipulation. This position is untenable. Gonzales v. United States, 364 U.S. 59, 66, 80 S.Ct. 1554, 4 L.Ed.2d 1569 (1960); United States v. Harris, 446 F.2d 129, 131 (7th Cir. 1971). United States v. Brady, 4 SSLR 3126 (D.Mass.1971), relied upon by defendant, is inapposite because there, unlike here, the Selective Service file was offered into evidence through a witness who had no personal knowledge of the file or the regular and ordinary course of business at the defendant's local board. It was received in evidence over defendant's objections.

■ Defendant's other argument is that the August 18, 1970 letter ordering him to report for induction cancelled the June 8, 1970 induction order and therefore his conscientious objector claim was not "post-induction." Whether the claim was prior or subsequent to the induction order is significant since the conscientious objector claims made after the mailing of an induction order may not result in the reopening of the registrant's classification. Ehlert v. United States, 402 U.S. 99, 107–108, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971); United States v. Jones, 447 F.2d 589, 591 (7th Cir. 1971).

Defendant's position on his local board's actions subsequent to his first reporting date (May 25, 1970) is untenable. The board's correspondence clearly shows an intent simply to postpone defendant's induction, not to cancel its April 30, 1970 order. See Government Exhs. 64, 70, 71, 72. This conclusion is consistent with the statutory scheme. See 32 C.F.R. § 1642.1(a). To adopt defendant's interpretation would result in an automatic right to reopen the issue of classification whenever a registrant ignored an order to report for induction. Such a result offends common sense and would force local boards to report delinquent registrants to the United States Attorney rather than allowing them another chance to comply. Id.

Defendant's reliance on Rodriguez v. United States, 452 F.2d 659 (7th Cir. 1971) and White v. United States, 422 F.2d 1254 (9th Cir. 1970) is misplaced. White has been limited to its peculiar facts by subsequent Ninth Circuit decisions. See United States v. Dell'Anno, 436 F.2d 1198, 1201 (9th Cir. 1971); United States v. Martinez, 427 F.2d 1358, 1360 (9th Cir.), cert. denied, 400 U.S. 879, 91 S.Ct. 122, 27 L.Ed.2d 117 (1970). See also United States v. Whalen, 451 F.2d 755, 757 (8th Cir. 1971).

In Rodriguez, the registrant failed to report on his first induction date due to extremely bad weather. In the period between receiving his first order to report and his first reporting date, Rodriguez advised his local board that his wife was pregnant. On April 20, 1970, defendant was ordered to report for induction on May 5, 1970. Prior to May 5, Rodriguez filed a conscientious objector claim but the board decided there was no change in the status of the registrant from circumstances over which he had no control. See 32 C.F.R. § 1625.2. Rodriguez refused to submit to induction.

The Rodriguez court held that the second induction order cancelled the first,

relying on *White, supra.* However, the holding only entitled Rodriguez to a classification reopening on the basis of his wife's pregnancy. The court recognized that *Ehlert, supra,* forecloses post-induction conscientious objector claims. Given the implication in *Rodriguez* that the registrant's failure to report the first time was excused, the lack of evidence here that the board cancelled its first order, and the mandate of *Ehlert, supra, Rodriquez's* holding on induction order cancellation is not deemed controlling here.

A presentence report will be ordered and sentencing is set for June 27, 1972.