**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Rick A. ROBERTS, Defendant-Appellant.**

**No. 71–1324.**

United States Court of Appeals,
Seventh Circuit.

Argued April 11, 1972.

Decided Aug. 3, 1972.

Certiorari Denied Nov. 20, 1972. See
93 S.Ct. 474.

Robert W. Miller, Stephen E. Platt, Elkhart, Ind., for defendant-appellant.

Stanley B. Miller, U. S. Atty., Jeffery L. Lantz, Asst. U. S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Before DUFFY, Senior Circuit Judge, and KILEY and HAMLEY,[1] Circuit Judges.

KILEY, Circuit Judge.

Defendant Roberts appeals from his conviction, after a bench trial, of knowingly and wilfully failing to report for induction in violation of 50 U.S.C. App. § 462.[2]  We affirm.

During the period between his original and final I–A classifications, Roberts had been successively classified as I–S–H (high school student); I–A (ex-student); and III–A (husband and father).  When Roberts registered with his Local Board in 1965 he gave his address as 2304 Saratoga Avenue, Kokomo, Indiana.  The cover sheet of his SSS file shows his subsequent addresses: on October 4, 1967 as 1810 North Washing-

ton, Kokomo;  on June 11, 1968 as Village Green, Lot 74, Kokomo;  and on August 11, 1969 as 5022 East Jackson, Elkhart, Indiana.  Roberts' wife on April 14, 1969 reported to the Board that he left her in March, 1969, that she had filed divorce proceedings, and that his "present" address was 3059 Hammond, Elkhart, Indiana.  The "3059 Hammond" address, however, was never entered on his SSS file cover sheet.

At the trial Roberts contended, inter alia, that his Kokomo, Indiana Local Board denied him procedural due process by erroneously mailing notices to the wrong addresses.  Roberts argued that the order to report for induction was invalid since he had never received either a notice of his Right to a Personal Appearance and Appeal (SSS Form 217) or a statement of his Physical Acceptability for Service in the Armed Forces (DD Form 62).

The district judge, relying on the presumption of regularity of selective service proceedings and on the testimony at trial, made specific findings of fact.  The judge concluded that Roberts was charged with receiving the notice and statement under 32 C.F.R. 1641.3.[3]

### I.

A.  *Notice of Right to Personal Appearance and Appeal*

Roberts was classified I–A for the third time on April 30, 1969.  On May 1

---

1. Circuit Judge Frederick G. Hamley of the Ninth Circuit is sitting by designation.

2. The parties filed trial briefs which, inter alia, presented the issue of a fatal variance between the indictment which charged failure to report September 11, 1969, and proof of the failure on November 21, 1969.  The district judge decided there was no fatal variance.  Roberts does not argue the point here.  We agree however with the district judge that there was no fatal variance.  The date was not an essential element of the crime, the indictment was returned within the statute of limitations, there was no showing that Roberts was misled in preparing his defense, and we see no possible jeopardy problem.  Ledbetter v. United States, 170 U.S. 606, 612–613, 18 S.Ct. 774, 42 L.Ed. 1162 (1898) ;  Lelles v. United States, 241 F.2d 21, 25 (9th Cir. 1957) ;  United

States v. Williams, 254 F.Supp. 199, 200–201 (D.C.), aff'd 381 F.2d 382 (9th Cir. 1967) ;  Alexander v. United States, 271 F.2d 140, 143 (8th Cir. 1959) ;  Whiteside v. United States, 346 F.2d 500, 503–504 (8th Cir. 1965), cert. den. 384 U.S. 1023, 86 S.Ct. 1946, 16 L.Ed.2d 1025 ;  United States v. Kerr, 439 F.2d 689 (9th Cir. 1971) ;  United States v. Covington, 411 F.2d 1087 (4th Cir. 1969).

3. 32 C.F.R. 1641.3 reads as follows:
    Communication by Mail.—It shall be the duty of each registrant to keep his local board advised at all times of the address where mail will reach him. The mailing of any order, notice, or blank form by the local board to a registrant at the address last reported by him to the local board shall constitute notice to him of the contents of the communication, whether he actually receives it or not.

the Board mailed his notice of classification (SSS Form 110) and notice of Right to a Personal Appearance and Appeal (SSS Form 217) to the Village Green address in Kokomo.

Roberts claims that he never received the notice, since at the time of the mailing he was living at the "3059 Hammond" address.

■ We agree with the district judge's conclusion that Roberts was charged with receiving the notice. The mail was never returned to the Board as undeliverable. And the record shows that Roberts did receive other mail sent to the same Kokomo address. Roberts received both a May 1 notice of classification (SSS Form 110) (i. e., new draft card) and a May 6 Order to Report for a Physical Examination (SSS Form 223).

■ Furthermore, assuming *arguendo* that Roberts did not in fact receive the Notice of Right to a Personal Appearance and Appeal (SSS Form 217), we can see no prejudice to him. He admitted that after his final reclassification from III–A to I–A he received a new draft card dated May 1 which expressly informed him of his right to a personal appearance and appeal. We therefore see no merit in Roberts' claim that he was denied due process by an erroneous mailing of the notice of right to a personal appearance and appeal.

B. *Statement of Physical Acceptability*

On August 11, 1969 Roberts notified his Local Board in Kokomo of a change of address to 5022 East Jackson, Elkhart. On August 12, 1969 he took a delayed preinduction physical examination through the Goshen Local Board.[4] On August 26, 1969 the Kokomo Board received the statement of Roberts' physical acceptability (DD Form 62) from the Goshen Board and sent a copy to him that same day. The form itself showed his Kokomo address rather than the newly reported Elkhart address.

■ We see no merit to Roberts' claim that he did not receive the statement of physical acceptability (DD Form 62), that he was deprived of the chance to challenge his acceptability, and that the subsequent induction order was invalid under 32 C.F.R. 1631.7(a).[5] The district judge did not err in deciding that Roberts was charged with receiving notice of his physical acceptability.

At the time of the August 26 mailing, Roberts' new Elkhart address had been entered on his SSS file cover sheet. And the Executive Secretary of the Kokomo Local Board effectually testified that in the ordinary course of business the Board takes its envelope address from the last address noted on the file cover sheet. The court could correctly rely on the presumption of regularity to conclude that the statement was sent to the proper address.

■ Furthermore, even if the statement of acceptability were sent to the Kokomo address, the evidence is still sufficient to support the court's finding. The record shows that Roberts received other Selective Service mail sent to the Kokomo address. No mail was ever returned to the Board. There was one envelope which Roberts received but which he never opened. And the district court

---

4. Roberts was originally ordered on May 6 to report for a physical examination on May 26. His subsequent request for a transfer to the Goshen Local Board for the physical was granted, on the grounds that he was then living in the Goshen area.

5. 32 C.F.R. 1631.7(a) provides in pertinent part:
   When a call is received by a Notice of Call on Local Board (SSS Form 201) from the State Director of Selective Service for a specified number of men to be delivered for induction, . . . the Executive Secretary or clerk, if so authorized, . . . shall select . . . and issue orders to report for induction to the number of men required to fill the call from among its registrants who have been classified in Class I–A or Class I–A–O and have been found acceptable for service in the Armed Forces and to whom a Statement of Acceptability (DD Form 62) has been mailed at least 21 days before the dated fixed for induction. . . .

was not compelled to credit Roberts' self-serving testimony of the non-receipt.

■ Assuming *arguendo*, however, that Roberts did not receive the statement of Physical Acceptability (DD Form 62) we see no prejudice to him. Eleven weeks prior to the date of his physical examination, Roberts had been notified to bring a doctor's certificate of any physical condition which might disqualify him from the armed forces. His file does not show any medical certificates. Furthermore, the order to report for induction should have put Roberts on notice that he had been found physically qualified. And Roberts had ample time—more than twenty-one days—during the postponement of his induction to question his physical qualifications.

## II.

On September 11, 1969 the Board ordered Roberts to report for induction on October 20. This order was subsequently postponed "until further notice" by authority of the Indiana State Director under 32 C.F.R. 1632.2.[6] On October 17 the Board sent notice of the termination of postponement and notified Roberts to report for induction November 21, 1969.

Roberts claims that since his file contains no authority from the State Director to terminate the postponement, the Board was without authority to do so under 32 C.F.R. 1632.2(c).

■■ We see no merit to the claim. We agree with the district court that general "orders" are not required to be placed in each registrant's file. We think that the district court correctly relied upon the presumption of regularity of Selective Service proceedings—absent any showing by Roberts to the contrary —for concluding that the termination of postponement notice was authorized, and that the Board's action was proper under 32 C.F.R. 1632.2(c). See United States v. Isenring, 419 F.2d 975, 979 (7th Cir. 1969).[7]

We reject Roberts' suggestion that the Board's termination of postponement was unauthorized and a "possible vindictive" action so as to render Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532 (1970), applicable.

## III.

Subsequent to the termination of the postponement of the induction order, Roberts filed an application for change of classification to C–O on the basis that he was a conscientious objector.

■ There is no merit in his contention that the Board wrongfully refused to reopen his classification to consider the conscientious objector claim, after the induction order had issued. The argument is squarely foreclosed under Ehlert v. United States, 402 U.S. 99, 91 S. Ct. 1319, 28 L.Ed.2d 625 (1971); United States v. Jones, 447 F.2d 589, 592 (7th Cir. 1971); Wright v. Ingold, 445 F.2d 109 (7th Cir. 1971).

For the reasons given, the judgment is affirmed.

---

6. 32 C.F.R. 1632.2 provides in pertinent part:

(a) . . . [the] State Director of Selective Service may, for good cause, at any time after the issuance of an Order to Report for Induction (SSS Form 252), postpone the induction of a registrant until such time as he may deem advisable, and no registrant whose induction has been thus postponed shall be inducted into the armed forces during the period of postponement.

\*       \*       \*       \*       \*

(c) Any period of postponement authorized in paragraph (a) of this section may be terminated before the date of its expiration when the issuing authority so directs and the registrant shall then report for induction at such time and place as may be fixed by the local board.

7. Roberts' reliance on United States v. Bellmer, 404 F.2d 132 (3rd Cir. 1968), is misplaced. There the question was whether a letter written by defendant had been in his file at the time the State Director refused defendant's request for a Presidential appeal. The court decided that since the government did not carry its burden—in the face of contrary evidence—of showing that the letter had been in the file, the defendant was denied procedural fairness, and remanded for a new trial.