**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Leonel Ernesto VILLASENOR, Defendant—Appellant.**

No. 04–10315.

D.C. No. CR–03–00717–DCB/JJM.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted June 14, 2005.

Decided July 18, 2005.

---

Judson Thomas Mihok, USTU—Office of the U.S. Attorney, Tucson, AZ, for Plaintiff—Appellee.

Francisco Leon, Tucson, AZ, for Defendant—Appellant.

Before TALLMAN, BYBEE, and BEA, Circuit Judges.

## MEMORANDUM *

Appellant Leonel Ernesto Villaseñor appeals the judgment and conviction imposed by the District of Arizona for conspiracy to possess with intent to distribute marijuana under 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii) and 846. Villaseñor argues four issues: 1) the district court constructively amended the indictment by broadening the scope of the conspiracy charged in its jury instruction; 2) the district court erred in concluding that the 21 U.S.C. § 851 information offered by the government was filed in compliance with the statute to enhance Villaseñor's sentence; 3) the evidence was insufficient to sustain Villaseñor's conviction for conspiracy to possess marijuana with intent to distribute; and 4) the district court improperly enhanced his sentence due to a finding that Villaseñor's prior convictions were "controlled substance offenses."

1. This court reviews *de novo* whether jury instructions constructively amended an indictment. *United States v.*

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Pang,* 362 F.3d 1187, 1193 (9th Cir.2004); *United States v. Shryock,* 342 F.3d 948, 988 (9th Cir.2003). Villaseñor had been charged with violating 21 U.S.C. §§ 841 and 846, and the date on which the charged conspiracy existed was not a material element of this offense. Proof that Villaseñor committed the crime on a certain day, or even after a certain day, is not necessary, as long as time is not a material element of the statute. *See Ledbetter v. United States,* 170 U.S. 606, 612, 18 S.Ct. 774, 42 L.Ed. 1162 (1898); *United States v. Kerr,* 439 F.2d 689, 690 (9th Cir.1971) (per curiam). "[I]t is clear that when time is not a material element of the offense, as is the case here, the court may constructively amend the indictment without running afoul of the Fifth Amendment." *United States v. Laykin,* 886 F.2d 1534, 1544 (9th Cir.1989). Further, to the extent Villaseñor argues that the district court's jury instruction "denied [him] the right to notice and to prepare a defense," *Blue Br.* at 18, the original indictment charged Villaseñor with conspiring "[f]rom a time unknown, to on or about March 5, 2003," and as of the day before trial, Villaseñor's counsel appears to have been under the misapprehension that the superceding indictment was no different. Also, as Villaseñor concedes, the defense was well aware before trial that the government intended to introduce evidence regarding the traffic stop in January 2003 and the warehouse rental, but opposed the government's motion for a trial continuance.

■  2. The sufficiency of a 21 U.S.C. § 851(a) sentencing information is a question of law which we review *de novo. United States v. Mayfield,* 386 F.3d 1301, 1304 (9th Cir.2004); *United States v. Hamilton,* 208 F.3d 1165, 1168 (9th Cir. 2000). Section 851(a)(1) requires that "the United States attorney file[ ] an information with the court[.]" 21 U.S.C.

§ 851(a)(1). Black's Law Dictionary defines "to file" as "[t]o deliver a legal document to the court clerk or record custodian for placement into the official record." BLACK'S LAW DICTIONARY 660 (8th ed.2004). Likewise, the Supreme Court has held in the habeas context that "[a]n application is 'filed,' as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record." *Artuz v. Bennett,* 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). Here, as the district court explained and Villaseñor accepted as true below, the information was lodged with the Clerk's Office on July 21, 2003. That is, it was "delivered to, and accepted by, the appropriate court officer for placement into the official record," even if it was not properly placed into that record. *Id.* That is sufficient to satisfy the requirement that "the United States attorney file[ ] an information with the court[.]" 21 U.S.C. § 851(a)(1). Additionally, Villaseñor's counsel received the § 851 information in July 2003 and therefore had the opportunity to attack the prior convictions before trial began. *See Hamilton,* 208 F.3d at 1168–69 ("Section 851(a) ensures proper notice so a defendant is able to challenge the information.... Here, [the defendant] could not have been confused about the prior conviction.... It gave [the defendant] sufficient notice that the government was aware of his prior conviction and would seek to enhance his sentence ... [thereby providing] ... clear notice that the government intended to invoke section 851(a).").

3. We review a district court's denial of a motion for judgment of acquittal *de novo. United States v. Clayton,* 108 F.3d 1114, 1116 (9th Cir.1997). Given the evidence presented by the government, taken in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the conspiracy

charge against Villaseñor beyond a reasonable doubt. *See United States v. Herrera–Gonzalez,* 263 F.3d 1092, 1098 (9th Cir. 2001).

4. We grant a limited remand pursuant to *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc).

Villaseñor's conviction is affirmed. We remand to the district court solely for the purpose of sentencing consistent with *Ameline.*

Conviction **AFFIRMED; REMANDED.**