**UNITED STATES of America,**
**Appellee,**

v.

**John Howard PRINCE, Jr., Appellant.**

**No. 477, Docket 32163.**

United States Court of Appeals
Second Circuit.

Argued April 30, 1968.

Decided July 19, 1968.

Certiorari Denied Nov. 12, 1968.
See 89 S.Ct. 322.

---

Michael Rosen, Asst.U.S.Atty., Joseph P. Hoey, U.S.Atty., for appellee.

Conrad J. Lynn, New York City, for appellant.

Before WATERMAN, FRIENDLY and KAUFMAN, Circuit Judges.

WATERMAN, Circuit Judge:

John Howard Prince, Jr. was convicted, after a trial by jury in the United States District Court for the Eastern District of New York, before Zavatt, Ch. J., of failure to report for induction into the Armed Forces. He was sentenced to five years imprisonment and appealed. We affirm the judgment of conviction.

Appellant registered with his draft board, Local Board No. 46, Brooklyn, N. Y., on October 14, 1964. On November 17, 1964 he was classified 1–A and shortly thereafter was so notified. He was given a physical examination and was found acceptable for induction. On April 3, 1966, after having been notified of his acceptability, appellant advised the Board that he desired to apply for non-combatant service as a conscientious objector. The Board mailed SSS Form 150, the form for conscientious objectors, to appellant on April 12, 1966. This form was never returned. On July 5, 1966, the Board wrote to appellant regarding his failure to file Form 150, but appellant did not reply. Thereupon, appellant was ordered to report for induction on August 22, 1966. On the appointed date appellant indicated he would refuse induction; on the same day the New York City Director of Selective Service wrote to the Chairman of Local Board 46 suggesting that appellant's induction be postponed, a new Form 150 be sent to him, and an interview be arranged. The induction was postponed until September 21, 1966, the new Form 150 was sent to appellant and returned completed, appellant claiming he was conscientiously opposed to participation in war in any form, and also opposed to participation in war in noncombatant training and service. An interview was afforded him on September 6,

1966. The Board determined that appellant was not sincere in claiming that he was a conscientious objector and that there had been no change in appellant's circumstances since he was classified 1–A that had been beyond his control. Therefore he was notified that his case would not be reopened. Appellant then appealed the local Board decision and finally he was notified by National Headquarters on September 21, 1966, that no action on his behalf was warranted at that time. Appellant did not report for induction on September 21, 1966, as previously ordered, or at any time thereafter. An indictment was brought against appellant on January 19, 1967 for refusing induction "on or about" September 21, 1966; he was tried twice on this indictment but each time the jury reported disagreement. A superseding indictment was brought against him on June 29, 1967, charging that appellant refused induction "on or about and between the 21st day of September and the date of the filing of this indictment." He was tried on this superseding indictment, was found guilty of the charge, and appeals the conviction.

 Appellant first contends that the trial judge erred in charging the jury that appellant was obligated to report for induction on September 21, 1966, and every day thereafter until June 29, 1967, and that this error prejudiced him to a highly material degree; he claims that after January 19, 1967, the date of the first indictment, he was not free to report for induction. Assuming that the instruction was erroneous in that it included the period during which the first indictment was in effect, the error was not prejudicial. It is settled that after a person is ordered to report for induction he is under a continuing duty to do so. United States v. Bendik, 220 F.2d 249 (2 Cir. 1955); Silverman v. United States, 220 F.2d 36 (8 Cir. 1955). There was indeed a period between September 21, 1966 and January 19, 1967 when appellant did not appear for induction, and though it may be arguable, though certainly impossible of belief, that a jury could have found appellant guilty of failing to report after January 19, 1967 without having found him guilty of failing to report between September 21, 1966 and January 19, 1967, we find that appellant was not prejudiced thereby. Moreover, appellant himself points to no specific prejudice in that particular.

 Appellant's other points are equally without merit. The allegation that the judge was not impartial because of his frequent reference to another similar selective service case in which he had presided is without basis; what references the judge did make to the other trial were all made out of the presence of the jury and could not possibly have had any influence on that body. Appellant's contention that his local board was not competent to order him for induction because its racial composition did not reflect the racial composition of the community it served lacks merit because there is no evidence in the record demonstrating that members of his race were systematically excluded from the Board, and because, even if there were such evidence, it would not follow that appellant's induction order was invalid, for even the acts of a "malapportioned" draft board are the acts of a *de facto* political authority. Clay v. United States, 397 F.2d 901 (5 Cir. May 6, 1968). Nor may appellant successfully defend himself by challenging the use of the selective service system to raise troops for the Vietnam conflict. United States v. Mitchell, 369 F.2d 323 (2 Cir. 1966), cert denied, 386 U.S. 972, 87 S.Ct. 1162, 18 L.Ed.2d 132 (1967). Finally, appellant's claim that he was not afforded sufficient opportunity to qualify for noncombatant status must be denied. After he failed to return Form 150 the first time the Board gave appellant a second chance to express his willingness to so serve, even postponing induction so that he could request noncombatant status. He attacks the wording of Form 150 and appears to rely upon United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed. 2d 733 (1965) to support his attack.

His claim is frivolous, for appellant never objected to the use of the form and consistently asserted his belief in a Supreme Being. Moreover, there was a basis in fact for the Board's conclusion that appellant was insincere in the beliefs he expressed to the Board.

The conviction is affirmed.