**Dan Lee WHITE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19176.**

United States Court of Appeals Eighth Circuit.

Dec. 11, 1968.

Certiorari Denied March 24, 1969.

See 89 S.Ct. 1196.

Lawrence LeTourneau, of Jesse, LeTourneau & Johnston, Des Moines, Ia., for appellant, Dan Johnston, Des Moines, Ia., on the brief.

Claude H. Freeman, Asst. U. S. Atty., Des Moines, Ia., for appellee, James P. Rielly, U. S. Atty., and Jerry E. Williams, Asst. U. S. Atty., on the brief.

Before VOGEL, LAY and BRIGHT, Circuit Judges.

BRIGHT, Circuit Judge.

Appellant Dan L. White was found guilty, after a jury trial, of willfully failing to comply with an order of his draft board directing him to report for and submit to induction into the armed forces of the United States, such refusal being in violation of § 12 of the Universal Military Training and Service Act, 50 U.S.C.App. § 462.[1] He was sentenced

---

1. The applicable statute reads in pertinent part:
"Any * * * person * * * who * * * evades * * * service in the armed forces or any requirements of this title * * * or of said rules, regulations, or directions, or who in any manner shall knowingly fail or neglect or refuse to perform any duty required of him under or in the execution of this title, or rules, regulations, or directions made pursuant to this title * * * shall, upon conviction * * * be punished by imprisonment * * *."

to five years imprisonment and has appealed. We affirm the conviction.

White first registered with his Des Moines local board in March of 1959. On July 24, 1964, his "student deferment" classification was changed to I-A making him available for military service. On September 2, 1966,[2] the draft board mailed to White in New York[3] an order requiring him to report for induction on October 3 at Fort Des Moines, Iowa. On September 10, White mailed the induction order back to the local board and wrote that he would not comply "without my legitimate right of appeal". Time for appeal from the 1964 I-A classification had expired and the local board so advised him.[4] On September 18, White wrote to the local board requesting a special conscientious objector form SSS 150 and the local board mailed him this form approximately eight days later. White returned the completed form, stating his conscientious objector claim, to the local board on October 6. The board considered the claim at a meeting on October 28 and voted not to reopen his classification.[5] Three days after the meeting, the following letter was mailed White:

"October 31, 1966

TO Dan Lee White
  1280 Walton Ave Apt 31
  Bronx, 52, New York

FROM Polk County Local Board No 13–128

Please be advised that SSS Form 150, Conscientious Objector Form, was considered by the members of this Local Board at the October 28, 1966 meeting, and it was their unanimous opinion that the information presented did not merit reopening.

Your Order to Report for Induction is hereby returned. Please report to the nearest draft board and request a transfer for Induction.

BY DIRECTION OF THE LOCAL BOARD

Dorothy Adams, Clerk 13–128"

White at no time reported for induction. He did write the board on December 19 saying in part: "I cannot in any manner partake in the Armed Forces".[6] An indictment returned July 18, 1967, charged that, from October 3, 1966, up to and including the day of the

---

2. All pertinent correspondence between White and his draft board occurred in 1966.

3. White first registered for the draft in Des Moines. He later moved to New York but the Iowa local Selective Service board retained jurisdiction over him.

4. Pursuant to 32 C.F.R. § 1626.2, an appeal, except under exceptional circumstances not here present, must be taken within thirty days after notice of classification has been mailed.

5. Appellant does not take issue with the propriety of this action.

6. White's letter of December 19 gave the following reasons for his refusal:
  "In reply to your recent pronouncement on my conscience, I must reiterate that in all good conscience I cannot in any manner partake in the Armed Forces. May history record that I believe that the U.S. Armed Forces are engaged in genocide, perpetual racism, and crimes against Mankind. Jesus would not wear the 'green fatiques' and neither shall I. 'To kill or be killed' is the standard euphemism for a 'license to murder.' Any accommodation with the Armed Forces whether with the Medical Corp or Maine Corp is a regression from Man's noble destination, i. e., emulation of Good, i. e., God. (sic)
  Please be advised that I am mentally and physically unfit for any life in the Armed Forces. Politically I am of the persuasion that the world will be better off once the U.S. Armed Forces, the instrument of racist capitalism, are drastically curtailed. At this crucial moment in history when we observe a heroic struggle of the Vietmanese people to unshackled the chains of racist American oppression, young Americans who know their cause is just, must lend all moral support possible, even to face jail to assert their moral conscience." (sic)

indictment, White willfully and knowingly failed "to comply with an order of his local board to report for and submit to induction into the armed forces of the United States".

In this appeal, White claims that the letter ordered him to do something other than report for induction; namely, to request a transfer for induction.[7] A failure to request a transfer does not constitute a crime. Therefore, appellant reasons, the court should have entered a judgment of acquittal as a matter of law. Crucial to the resolution of this question is whether the order requiring White to report for induction on October 3 required him to act subsequent to that date.

■ An induction order imposes a continuing duty on the registrant to submit to induction. United States v. Prince, 398 F.2d 686 (2nd Cir. 1968); Silverman v. United States, 220 F.2d 36 (8th Cir. 1955). This Court has said:

"there was only one offense charged, that offense was failure to report for induction. By the Selective Service Regulations, § 1642.2, 32 C.F.R., it is made a continuing offense. No assault is made upon this regulation. The nature of the offense charged is such that it may upon proper proof be a continuing one." Silverman at 220 F.2d 39.

The pertinent Selective Service regulations provide:

"When it becomes the duty of a registrant or other person to perform an act, * * * the duty or obligation shall be a continuing duty or obligation from day to day and the failure to properly perform the act * * * shall in no way operate as a waiver of that continuing duty." 32 C.F.R. § 1642.2.

"Regardless of the time when or the circumstances under which a registrant fails or has failed to report for induction pursuant to an Order to Re-

port for Induction * * * it shall thereafter be his continuing duty from day to day to report for induction * * * to his own local board, and to each local board whose area he enters or in whose area he remains." 32 C.F.R. § 1642.15.

White's contumacious return of the induction order on September 10 did not in any way suspend the effectiveness of that order. Upon receipt of the returned order and White's letter claiming conscientious objector status, the board did not terminate or suspend the induction order.

■ The trial court instructed the jury, *inter alia,* that White could not be found guilty of failing to report for induction during the period from October 3 to the date of his receipt of notice that his claim had been rejected. This instruction was based on the trial court's conclusion that White did not possess the requisite criminal intent to be found guilty of refusing to report for induction during that period. His continued refusal to report after being notified of the board's rejection of his claim supplied the necessary evidence of criminal intent and supports the conviction.

The board's letter of October 31 and accompanying induction order was in no way confusing and clearly conveyed the message that White was required to immediately report for induction. Under the heading "IMPORTANT NOTICE (Read Each Paragraph Carefully)", the induction order reads in part:

"Willful failure to report at the place and hour of the day named in this Order subjects the violator to fine and imprisonment. Bring this Order with you when you report.

If you are so far from your own local board that reporting in compliance with this Order will be a serious hardship, go immediately to any local board and make written request for transfer of your delivery for induction, taking this Order with you."

---

7. Such a transfer is allowed under the Selective Service regulations for the convenience of the registrant. 32 C.F.R. § 1632.9.

Dan L. White is a person of intelligence, possessed of a college degree, and had been engaged in responsible employment. After reviewing the entire record, we are satisfied that the correspondence of October 31 in context would in no way be confusing or misleading to a person of ordinary intelligence. There is no evidence in the record that White was in fact confused or misled in any way. Under these circumstances, the jury was entitled to conclude that he was guilty as charged.

Affirmed.