**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**David Edward RITCHEY, Defendant-**
**Appellant.**

**No. 24674.**

United States Court of Appeals,
Ninth Circuit.

Feb. 17, 1970.

David E. Ritchey (argued), John J. Sullivan, of Sullivan, Redman & Winsor, Seattle, Wash., for defendant-appellant.

J. Byron Holcomb (argued), Asst. U. S. Atty., Stan Pitkin, U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before DUNIWAY, WRIGHT and TRASK, Circuit Judges.

DUNIWAY, Circuit Judge.

Ritchey was convicted of refusing to report for and submit to induction into the Armed Forces of the United States in violation of 50 U.S.C.App. § 462(a). We affirm.

Ritchey was classified 1-A by his local board on January 17, 1967. He does not attack the validity of this classification. On July 14, 1967 he received an order to report for induction directing him to report on August 8, 1967. He appeared at the induction center on that date, but the induction process was not completed at that time. Ritchey received a subsequent notice from his draft board on September 1, 1967 telling him to report to complete his induction on October 17, 1967. Ritchey did not report at the induction center on that date. He notified the draft board that he had been out of the area at the time and unable to comply. Ritchey received another notice to report from his draft board on January 9, 1968, directing him to report on January 22, 1968. He did so, and again did not complete the induction process. Ritchey received a final letter from his draft board on March 20, 1968 ordering him to report at the induction center on April 9, 1968. Ritchey did not report on that date, and this is the basis for his indictment.

Ritchey alleges two errors in his bid for reversal.

1. *Validity of the order to report.*

■■ Ritchey argues that his original order to report for induction was not valid because his draft board did not meet to authorize and direct the issuance of the order. This allegation is presented as the following two questions: A. Can the chairman of the draft board lawfully sign an Order to Report for Induction without specific authorization and direction from the draft board? B. Can the clerk of the board lawfully fix the date of induction without specific authorization and direction from the draft board? The short answer in this circuit is, yes. United States v. Bowen, 9 Cir., 1969, 423 F. 2d 266; United States v. Hulphers, 9 Cir., 1969, 421 F.2d 1291; Rusk v. United States, 9 Cir., 1969, 419 F.2d 133. *Cf.* United States v. Stark, 9 Cir., 1969, 418 F.2d 901.

2. *Validity of postponements of induction.*

■ Ritchey argues that he cannot be indicted for failing to report on April 9, 1968 because the "postponements" he received were not legally valid as they were signed by the clerk of the board, and there was no meeting of the board to consider them.

We find no error. Ritchey has not shown any harm to himself through the delay. Nor were the delays "postponements" as described by 32 C.F.R. § 1632.2(a). That regulation describes delays granted at the request of the registrant in cases of extreme emergency, *e.g.*, the death or illness of a close relative. In this case all the delays were at the request of the service. On August 6, 1967 the authorities at the induction center determined that Ritchey should have a psychiatric consultation. Again on January 22, 1968 Ritchey was unable to complete induction because a "civil hold" was placed on him by the induction administrators. (The civil hold is related to investigation of criminal offenses.) Moreover, the clerk could have signed the notice of induction without a formal board meeting. (See cases cited *supra*.) A fortiori, she could sign the subsequent letters assigning new dates upon which Ritchey could complete his induction process. We agree with the government that it was all one induction process.

Affirmed.