**UNITED STATES of America,
Plaintiff and Appellee,**

v.

**Richard Carroll WILSON, Junior,
Defendant and Appellant.**

**No. 24937.**

United States Court of Appeals,
Ninth Circuit.

April 6, 1970.

Rehearing Denied June 3, 1970.

S. Leonard Scheff (argued), Tucson, Ariz., for the appellant.

Ann Bowen (argued), Asst. U. S. Atty., Jo Ann D. Diamos, Asst. U. S. Atty., Richard K. Burke, U. S. Atty., Tucson, Ariz., for the appellee.

Before MERRILL and KOELSCH, Circuit Judges, and WILKINS, District Judge.*

WILKINS, District Judge:

Appeal of conviction upon verdict. Conviction affirmed.

Defendant was tried by a jury in the United States District Court for the District of Arizona for the offense of failure to submit to induction, in violation of Title 50 App., U.S.C., Section 462. He was found guilty and committed to the custody of the Attorney General under the Federal Youth Correction Act for an indefinite period.

Defendant originally registered at a draft board in Abilene, Texas, and transferred to Tucson board on March 20, 1968. On May 8 the Tucson board prepared an order for defendant to report for induction on May 22, 1968.

Defendant claimed at trial that he went on May 22 to the Tucson board to inform them he was unable to report for induction because there was an arrest warrant for a traffic ticket outstanding against him. He testified he spoke with Virginia Hunter, clerk of the board, and she said that he should notify his original (Abilene) board in writing, and that she would notify the original board that he did not report for induction.

Mrs. Hunter testified that defendant did not report for induction on May 22, and that she does not remember whether or not she saw him. She also denied he talked with her that day.

Defendant testified that pursuant to the alleged instructions from Virginia Hunter he wrote a letter to the Abilene draft board explaining his failure to report for induction and told the board he was moving to San Francisco the next week. The letter was received on May 27, 1968.

The Abilene board replied by letter:

"Your order for induction has been transferred to * * * Tucson as you requested. Keep them informed of your address and report when they order you to. YOU CAN NOT TRANSFER AGAIN TO CALIFORNIA. YOU MUST REPORT TO TUCSON WHEN THEY ORDER YOU. IF YOU FAIL TO REPORT YOU WILL BE DECLARED DELINQUENT IMMEDIATELY AND TURNED OVER TO THE U. S. ATTORNEY".

Thereafter, the only communication was a questionnaire from the Abilene board.

Defendant was indicted originally in January, 1969, for failing to report on June 6, 1968. This indictment was dismissed when it was discovered that there was no induction order for that date. In April 1969, the indictment upon which defendant was found guilty was filed.

Defendant first alleges as ground for reversal that the obligation to report for induction was postponed by the actions of the two draft boards.

The crucial flaw in this argument is that it rests upon defendant's letter to the Abilene board and the board's reply, both of which were sent *after* defendant's failure to report on May 22.

■ The letter could not reach back in time and excuse a violation that had already occurred. The most it could do (assuming either that it intended or could fairly have been read as intending postponement) would have been to have terminated defendant's continuing violation *as of the time it was written.* But it could not have retroactive effect, for this would be giving a mere ministerial officer the power to pardon offenses al-

* Honorable Philip C. Wilkins, United States District Judge for the Eastern District of California, sitting by designation.

ready committed against the United States.

■ Defendant's second argument was that it was prejudicial error to put before the jury evidence of the fact that the charge would have been dismissed had defendant agreed to report for induction.

Assuming *arguendo* that admission of such evidence would have constituted reversible error, there is no indication that such evidence was admitted. The transcript shows that the prosecutrix successfully asked defendant whether he had ever offered to report for induction since May 22. The answer was negative. However, she was not allowed to ask defendant about her offer to drop charges if he would report. The record clearly shows that all conversation about this subject took place out of hearing of the jury. Therefore, any discussion as to the offer and defendant's response to it could not have been prejudicial. At the same time, it was proper to ask the first question, about failure to report since May 22, since this went to the continuing nature and duration of the offense.

■ Defendant's next objection related to the admission of evidence relating to prior induction orders, postponements, and defendant's unsuccessful application for conscientious objection status. It is claimed that this evidence was prejudicial. The question at issue in this case was whether defendant knowingly and wilfully failed to report, or whether his failure was the result of a good-faith impression that he was not obligated to report.

The evidence objected to goes to prove defendant's experience with the draft process and thus his state of knowledge about its procedures. It could be cited as showing that he knew how to obtain postponements since he had done so already. It could be used inferentially to argue that defendant knew what a proper postponement was and that he knew that he did not obtain a postponement as a result of his conversation with the clerk of the Tucson board.

■■ Defendant's last argument is based upon the right to inspect minutes of grand jury deliberations. Assuming *arguendo* that the requisite "particularized need" to inspect was shown, the difficulty was that in this case no minutes were ever taken, and there is no constitutional requirement that they be taken. Furthermore, it appeared by defendant counsel's own admission he learned the identity of the sole witness, an FBI agent, and failed to request a court order to depose him before trial, thus refusal of the list cannot be said to be prejudicial.