**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Barry Patrick DANNEHY, Defendant-**
**Appellant.**

**No. 26066.**

United States Court of Appeals,
Ninth Circuit.

Jan. 26, 1971.

Rehearing Denied March 11, 1971.

Herbert W. Titus (argued), Boulder, Colo., Herbert A. Ross, of Ross & Tunley, Anchorage, Alaska, for defendant-appellant.

A. Lee Petersen (argued), Asst. U. S. Atty., Douglas B. Baily, U. S. Atty., Anchorage, Alaska, for plaintiff-appellee.

Before KOELSCH, CARTER and WRIGHT, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Barry Patrick Dannehy appeals his conviction for refusing to submit to induction into the Armed Forces in violation of 50 U.S.C. App. § 462. We affirm.

Dannehy was a registrant of Local Board No. 1 in Anchorage, Alaska. On March 25, 1969, his local board mailed him an order to report for induction in Anchorage on May 5. The order was mailed to Dannehy at his temporary address in Eugene, Oregon, where he was in college. His attention was drawn to the final paragraph of the order which indicated that if reporting in Anchorage was a serious hardship, he could report to any local board which would arrange for his induction at a more convenient location.

After receiving the order, Dannehy went to Local Board No. 13 in Eugene and requested induction there rather than in Anchorage. In response to this request, the Eugene board requested his records from Anchorage and they were forwarded within a few days. On May 20, the Eugene board issued Dannehy an order to report for induction as a transferred registrant, directing him to report per his request, in Eugene on June 18.

Without further contact with the Eugene board, Dannehy left Oregon at the end of the school term and on June 6 appeared at the office of his local board in Anchorage. On his request to be al-

lowed to report for induction in Anchorage, the board asked for the return of his records from Eugene, including his original order to report which he had surrendered when he requested induction orders in Oregon.

In compliance with his request, the Anchorage board ordered Dannehy to report in Anchorage on June 23. This was by letter from the executive secretary of the board stating that, "This is to advise you that your Order of Induction is VALID * * *."

On June 23 Dannehy did report to the Armed Forces Induction Center in Anchorage but refused to submit to induction. Following a grand jury indictment, Dannehy had a jury trial which resulted in a finding of guilty.

## I. *Validity of the Induction Order*

The primary contention on this appeal is that Dannehy had no duty to report for induction because he had no *valid* order to report in Anchorage on June 23, the time and place specified in the indictment.

The argument made before this court was premised in large part upon the factual statement of his appeal counsel that Dannehy's original order from the Anchorage board failed to specify a place for reporting for induction. In its brief, the government pointed out that the order, as indicated in the record on appeal, did in fact specify that he was to report in Anchorage. Despite the government's effort to clarify this matter, Dannehy's reply brief persisted in this claim and went so far as to include an appendix which was a copy of an order addressed to Dannehy with the place of reporting left blank.

Much confusion has resulted from this error on counsel's part. In point of fact, the record on appeal clearly shows that the order to report for induction specified Anchorage as the reporting place. At oral argument counsel conceded that his view of the facts was incorrect and that, therefore, much of his ar-

gument was faulty since it was based on an erroneous premise.

We will not conjecture as to why the copy supplied in appellant's reply brief was blank as to reporting place—the only copy that is relevant in this appeal is the copy in the record from the district court. We think it necessary, however, to express our displeasure with a brief which relies heavily on an erroneous view of the facts and admonish counsel to use more prudence in verifying the facts, as reflected by the record, before launching into an exhaustive (and lengthy) attack on the decision below.

Our analysis necessarily begins, therefore, with the fact that Dannehy received an order in Eugene from his Anchorage board which was, in all respects, unquestionably valid. Even though this order was valid, appellant argues that the transfer to Eugene and re-transfer to Anchorage invalidated that order.

This argument is based upon a lengthy and involved argument which weaves in and out of numerous sections of the Selective Service Regulations including his interpretations, many of which are, at best, strained. In short, however, it suffices to say that the regulations do not mention the "re-transfer" situation involved here and therefore we need not attempt to fit this case into the regulations.

Thus, this case is much like Beierle v. United States, 400 F.2d 128 (9th Cir. 1968) in that "the Selective Service Regulations are silent on the subject." *Id.* at 132. In *Beierle*, the registrant received orders to report on January 31. At his own request he was sent to the induction center ahead of that date and was subsequently indicted for his refusal to submit on January 27.

Here, as in *Beierle*, "the question is *when* the duty, already extant, was to be performed." *Id.* at 131. (Emphasis in original.) The court there concluded that the local board clerk had the authority to advance the date at Beierle's

request and noted that "as is the case with a postponement of the reporting date, we do not believe that issuance of a new Order to Report for Induction is necessary." *Id.* at 132.

■ What we have here, in essence, is a postponement of the reporting date at the request of Dannehy. We are well aware of the frequency with which local boards, through their clerical personnel, are called upon to modify reporting dates to accommodate the personal needs of registrants. To interpret the regulations as Dannehy would have us do for his purposes would work to the disadvantage and inconvenience of numerous other registrants and further impersonalize a system which is often criticized for being inflexible and unwilling to adjust to personal requirements.

■ Dannehy's final argument here is that the new reporting date in Anchorage must be established by the local board and not by letter from the executive secretary. United States v. Ritchey, 423 F.2d 685 (9th Cir. 1970), involved a registrant who reported for induction on several occasions but on each occasion prior to the last was unable to complete the induction process. What was said there answers Dannehy's contention that the executive secretary lacked the power to reset his reporting date. "The clerk could have signed the notice of induction without a formal board meeting. (Citing cases) *A fortiori,* she could sign the subsequent letters assigning new dates upon which Ritchey could complete his induction process." *Id.* at 686.

In any event, Dannehy has failed to suggest any possible prejudice from the local board actions which all took place at his request for his convenience. Absent some such showing, we are extremely reluctant to reverse solely be-

cause of a highly technical and dubiously arguable violation of some obscure regulation. *See* Briggs v. United States, 397 F.2d 370 (9th Cir. 1968).

## II. *The Order of Call*

Following his indictment, Dannehy sought and received information from the Anchorage board concerning other registrants. He now argues that some ten registrants should have been called before he was and lists them in several categories.

Under United States v. Baker, 416 F. 2d 202 (9th Cir. 1969), the order of call affects a registrant's substantial rights and the government was here required to justify bypassing these registrants by affirmative evidence. The affirmative evidence here consisted of the detailed testimony of the executive secretary of the local board pointing out exactly why the ten registrants were handled as they were.

■ We think the law concerning order of call is well stated in the *Baker* case and see no reason to extend this opinion by discussing each registrant in detail. Suffice it to say that the government here has met its burden of proof.

This case was tried to a jury which heard detailed evidence from defendant and the government concerning the order of call. The jury was instructed as to the order of call question. No objection was taken at that time as to the propriety of the instructions, (*see* Rule 30, Fed.R.Crim.Proc.), and Dannehy does not suggest that they were in any way an improper statement of the law. In short, the jury resolved all factual questions against him and we find nothing to indicate that their resolution was clearly erroneous.

Affirmed.