UNITED STATES of America, Plaintiff-Appellee,

v.

John Thomas MAYBURY, Defendant-Appellant.

No. 71–1129.

United States Court of Appeals, Ninth Circuit.

Jan. 19, 1972.

Martha Goldin (argued), Saltzman & Goldin, Hollywood, Cal., for defendant-appellant.

David P. Curnow, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Los Angeles, Cal., for plaintiff-appellee.

Before CARTER and WRIGHT, Circuit Judges, and BATTIN, District Judge.*

EUGENE A. WRIGHT, Circuit Judge:

Maybury was convicted for failure to report for a selective service physical examination. 50 U.S.C. App. § 462. He had apparently exhausted the patience of indulgent authorities after a long history of attempting to avoid his obligations under the Selective Service Act. We affirm.

Appellant was registered with Local Board No. 132 in San Bernardino, California. He was first ordered to report for a physical examination on July 20, 1967. After a postponement at his request, the examination was re-scheduled for September 7, 1967. Maybury failed to report because he "overslept due to illness."

On November 8, 1967, he reported for a physical examination as ordered, but

---

* Honorable James F. Battin, United States District Judge for the District of Montana, sitting by designation.

refused to be processed because he was not allowed to distribute literature.

Due to several changes of residence, his records were transferred among a number of draft boards. He apparently failed to report for examination on September 17, 1968, in New York. There followed more transfers and postponements, all initiated by Maybury.

On March 21, 1969, Local Board No. 80 in Santa Barbara, California, ordered Maybury to report for examination on April 2, 1969. Maybury wrote to that board on March 27 and requested that his physical be postponed because the date specified was the first day of Passover and he was to be involved in observing the religious holidays with his wife's family. Maybury's wife is Jewish; Maybury himself is not. His request for postponement was accompanied by a letter from his wife explaining that her husband would "not be able to attend" the examination. The board did not respond to Maybury's letter and he did not appear for examination. This is the failure to report for which he was convicted.

Several more orders to report for physical examination, postponements, and transfers followed. At the trial below Maybury was acquitted of failing to report for a physical on January 15, 1970.

On April 15, 1970, Maybury took his first physical examination at the U.S. NATO Dispensary in Brussels, Belgium. This was nearly three years after he had first been ordered to report for an examination. It appears that the physical he finally did take was not complete.

On appeal, Maybury raises two issues, neither of which has merit. First, he wishes us to hold that, as a matter of law, the government failed to prove specific intent, *i.e.*, that there was not sufficient evidence from which the trier of fact could find that Maybury willfully failed to report for examination on April 2, 1969.

At trial Maybury explained his failure to report by his religious obligations and his good faith belief that his constitutional right to religious exercise excused him. He also suggested that past indulgence by the selective service system had created in him a good faith belief that he would be excused automatically because of his letter to the board.

It is the policy of Maybury's board to postpone a physical examination scheduled on a religious holiday when a request is presented by "a registrant who is a member of a recognized church . . . which has historically observed certain days as religious holidays . . ." and when the request is made "in good faith in accordance with his [the registrant's] religious training and belief."

However, Maybury would not have qualified under these criteria. He was not a member of the Jewish faith. He could not have requested a postponement in accordance with *his* religious training and belief. Moreover, in light of his prior dealings with the selective service system, the board quite likely would have found, as did the court below, that the request was not put forward in good faith.

■ Whether Maybury nonetheless, naively but in good faith, believed that he would be granted a postponement was an issue for the trier of fact. The court below could properly consider Maybury's past history of evasion; the fact that he was not Jewish; the fact that he made no attempt after writing his letter to contact his board to determine whether his request for postponement had been granted; and the fact that he at no time indicated any willingness to take a physical examination either shortly before or shortly after the holidays. Indeed he persisted in his evasive conduct for at least another year after his failure to report. From such a record the trier of fact could conclude that the failure to report was a willful act.

■ Maybury also argues that a later order to report for examination cancelled the order to report on April 2, 1969. On July 3, 1969, three months

after Maybury had failed to appear, he was again ordered to report for an examination and he argues that this cancelled the prior order.

This contention is answered by United States v. Wilson, 427 F.2d 649 (9th Cir. 1970). There we held quite succinctly that a board action after the offense has been committed does not erase the offense:

> "The most it [draft board letter] could do . . . would have been to have terminated defendant's continuing violation *as of the time it was written.* But it could not have retroactive effect . . ." (emphasis in the original) 427 F.2d at p. 650.

White v. United States, 422 F.2d 1254 (9th Cir. 1970), which Maybury urges, is not in point. *Cf.* United States v. Martinez, 427 F.2d 1358 (9th Cir. 1970), cert. denied 400 U.S. 879, 91 S.Ct. 122, 27 L.Ed.2d 117 (1970).

Affirmed. The mandate shall issue forthwith.