**UNITED STATES of America,**
**Plaintiff,**

v.

**Robert Cutler CASE, Jr., Defendant.**

**No. 23655–4.**

United States District Court,
W. D. Missouri, W. D.

May 16, 1972.

## MEMORANDUM AND ORDER ENTERING JUDGMENT OF ACQUITTAL

ELMO B. HUNTER, District Judge.

The defendant, Robert Cutler Case, Jr., is charged by indictment returned January 12, 1972, with a violation of the provisions of Title 50 Appendix, U.S.C. § 462(a)[1] in his refusal to submit to induction into the Armed Forces of the United States on or about November 15, 1971, as ordered by Local Board No. 33, Olathe, Kansas. On January 21, 1972, defendant tendered a plea of not guilty to the charge set forth in the indictment. On March 23, 1972, this cause came before the Court for trial. At that time, after having been fully advised by his counsel and the Court with regard to his constitutionally-protected right to jury trial, defendant waived jury trial and this case was tried to the Court without jury. Defendant and the Government further waived the right to request any specific findings of fact as provided by Rule 23(c), F.R.Crim.P. This matter is presently before the Court upon defendant's motion for judgment of acquittal and plaintiff's counter-motion for judgment of conviction.

### FINDINGS OF FACT

The majority of the facts of this case are undisputed by the parties, and they have entered into the following factual stipulation:

1. The Selective Service file of the defendant submitted to the Court from Selective Service Board No. 33, Johnson County, Olathe, Kansas, is the authentic, full and complete file of the registrant, Robert Cutler Case, Jr.

2. That the defendant received an order on or about February 23, 1971, or-

Wendell K. Smith, U. S. Asst. Dist. Atty., Kansas City, Mo., for plaintiff.

H. Jackson Zinn, Mission, Kan., for defendant.

1. 50 App. U.S.C. § 462(a) provides in part:
 " * * * any person * * * who in any manner shall knowingly fail or neglect or refuse to perform any ·duty required of him under or in the execution of this title, or rules, regulations, or directions made pursuant to this title * * * shall, upon conviction in any district court of the United States * * * be punished by imprisonment for not more than five years or a fine of not more than $10,000, or both by such fine and imprisonment."

dering him to report for induction into the Armed Forces of the United States, and to report at the Armed Forces Induction Station, 2420 Broadway, Kansas City, Missouri, on March 8, 1971 at 6:00 a. m.

3. On March 8, 1971, the defendant submitted an application requesting transfer of his Selective Service records from Local Board 33, Olathe, Kansas, to Local Board 9, Boulder, Colorado, by signing SSS Form 230, titled "Transfer for Armed Forces Physical Examination or Induction."

4. The Selective Service records of the defendant were transferred to Local Board 9, Boulder, Colorado, on March 11, 1971.

5. On the 15th of March, 1971, the defendant requested Local Board 33, Olathe, Kansas, to forward him the forms necessary to file as a conscientious objector, and on April 13, 1971, the defendant completed SSS Form 150 requesting classification as a conscientious objector and returned the request to Local Board 33, Olathe, Kansas.

6. On March 15, 1971, Local Board 33, Olathe, Kansas, mailed to the defendant an SSS Form 264, titled "Postponement of Induction," wherein the induction date of March 8, 1971, was postponed until the Board could review the defendant's completed SSS Form 150, Claim for Conscientious Objector.

7. On April 20, 1971, Local Board 33 considered the claim of conscientious objection submitted by the defendant and did not reopen his file pursuant to 32 CFR 1625.2, the Local Board finding no change in status resulting from circumstances over which the registrant had no control.

8. On April 21, 1971, Local Board 33, Olathe, Kansas, notified the defendant by letter to report for induction on May 3, 1971, at the Armed Forces Induction Station, 2420 Broadway, Kansas City, Missouri, at 6:00 a. m.

9. That the defendant received an order on or about April 30, 1971, ordering him to report for induction into the Armed Forces of the United States and to report at the Bus Station, 1765 14th Street, Boulder, Colorado, on May 25, 1971, at 5:50 a. m.

10. That on May 25, 1971, at the Armed Forces Examination and Entrance Station, Denver, Colorado, when the defendant's name and service was called he failed and refused to submit to induction, and this he did after he was informed that such refusal constituted a violation of the Military Selective Service Act of 1967.

11. That the defendant received an order on or about October 15, 1971, ordering him to report for induction into the Armed Forces of the United States and to report to the Armed Forces Induction Station, 2420 Broadway, on November 15, 1971, at 6:45 a. m.

12. After having received the order to report for induction, the defendant appeared at the Armed Forces Induction Station, 2420 Broadway, Kansas City, Missouri, on November 15, 1971, but when his name and service were called he refused to submit to induction, and this he did after being advised that such refusal was a violation of the Selective Service Act of 1967.

13. That between the dates of February 22, 1971, and November 15, 1971, inclusive, the Selective Service file of the registrant was not reopened by Local Board 33, Olathe, Kansas, or Local Board 9, Boulder, Colorado, nor has any Board subsequently reopened the file and reconsidered the defendant's classification.

14. If the defendant were called as witness he would testify that he is conscientiously opposed to participation in war in any form, that his belief is based upon religious training and belief.

Other than the defendant's Selective Service file submitted to the Court by Stipulation No. 1 above, the only other

evidence before the Court is the testimony of defendant's witness, Grace E. Myers, Executive Secretary of the Selective Service Local Board No. 33, Olathe, Kansas. Mrs. Myers' testimony related to procedures followed by Local Board 33. Her testimony has been carefully reviewed by the Court and will be referred to where pertinent.

In addition to the factual stipulation, the parties have submitted issues of law for decision. It is agreed that:

"The basic legal issue is whether or not the induction order issued February 22, 1971, created a continuing duty on the part of the defendant to report for induction up to and including the date of November 15, 1971."

In determining this basic issue, the parties have submitted legal sub-issues to be determined. These sub-issues will be dealt with in the order submitted.

*(1) Whether or not the induction order issued on February 22, 1971, expired of its own weight after 120 days.*

 Defendant has not cited, and the Court has not found any statutory authority imposing a time limitation on the validity of an Order to Report for Induction into the Armed Forces. Section 1632.2(a) of 32 CFR does not impose a time limitation, but merely limits the power of the Local Selective Service Board to grant a formal postponement of induction to 120 days.[2] This regulation in no way purports to limit the operative effect of the Induction Order itself. United States v. Wagner, 292 F. Supp. 1 (W.D.Wash.1967), aff'd 403 F. 2d 1 (9th Cir. 1968). Furthermore, by providing that the Director of Selective Service or any State Director may, for good cause, postpone an induction indefinitely, with no time limitation, Section 1632.2(a) implies that an Order to Report for Induction remains valid until cancelled by the Local Board or higher authority. See: Zerillo v. Local Board No. 102, 440 F.2d 136, 140 (8th Cir. 1971).[3] Thus, the Court finds that the Order to Report for Induction issued to defendant on February 22, 1971, did not expire of *its own weight* prior to November 15, 1971.

*(2) Was the Order to Report for Induction issued on February 22, 1971 postponed in violation of 32 CFR § 1632.2(a).*

A review of defendant's Selective Service file reveals that the Induction Order of February 22, 1971 was postponed formally only once. This postponement occurred on March 15, 1971,

**2.** 32 C.F.R. § 1632.2(a) provides:
"In case of death of a member of the registrant's immediate family, extreme emergency involving a member of registrant's immediate family, serious illness of the registrant, or other extreme emergency beyond the registrant's control, the local board may, after the Order to Report for Induction (SSS Form 252) has been issued, postpone the time when such registrant shall so report for a period not to exceed 60 days from the date of such postponement, subject, however, in cases of imperative necessity, to one further postponement for a period not to exceed 60 days; *And provided also*, That the Director of Selective Service or any State Director of Selective Service (as to registrants registered within his state) may, for good cause, at any time prior to the issuance of an Order to Report for Induction (SSS Form 252), postpone the issuance of such order until such time as he may deem advisable, or the Director of Selective Service, or any State Director of Selective Service (as to registrants registered within his state) may, for good cause, at any time after the issuance of an Order to Report for Induction (SSS Form 252), postpone the induction of a registrant until such time as he may deem advisable, and no registrant whose induction has been thus postponed shall be inducted into the armed forces during the period of any such postponement."

**3.** 32 C.F.R. § 1632.2(d) provides:
"A postponement of induction shall not render invalid the Order to Report for Induction (SSS Form 252) which has been issued to the registrant but shall operate only to postpone the reporting date and the registrant shall report on the new date without having issued to him a new Order to Report for Induction (SSS Form 252)."

and defendant was notified as to the postponement on SSS Form 264 as required by 32 CFR § 1632.2(b).[4] Under this Form 264 order, defendant's induction was "Postponed until SSS 150 form completed, returned and reviewed by local board." On April 21, 1971, Local Board 33 notified defendant that he was to report for induction on May 3, 1971 (within 60 days of the postponement). Because of defendant's earlier request for transfer to Local Board 9, Boulder, Colorado, that board notified him to report on May 25, 1971.

■ It is settled that if the postponement does not exceed 120 days, a postponement "until further notice" does not cancel the order to report for induction. United States v. Whalen, 451 F.2d 755 (8th Cir. 1971); United States v. Watson, 442 F.2d 1273 (8th Cir. 1971); United States v. Martinez, 427 F.2d 1358 (9th Cir. 1970), cert. den. 400 U.S. 879, 91 S.Ct. 122, 27 L.Ed.2d 117 (1970); Parrott v. United States, 370 F.2d 388 (9th Cir. 1966). See also: United States v. Newman, 297 F.Supp. 678 (C. D.Cal.1969). In the instant case, the defendant was sent the appropriate Form 264 and thus the circumstances herein can be distinguished from Liese v. Local Board No. 102, 440 F.2d 645 (8th Cir. 1971).

■ The short delay in induction from May 3 to May 25, was due to the defendant's transfer application and was not a formal postponement governed by Section 1632.2, and did not require a Form 264 notice of postponement under that section. Rather, the delay in induction due to defendant's transfer to Local Board 9 in Boulder, Colorado, is governed by 32 CFR § 1632.9(g) which does not require that a short delay in induction due to transfer be transmitted to the inductee by a Form 264 postponement order.[5] A review of defendant's Selective Service file reveals that the requirements of Section 1632.9(g) were complied with by Local Board 9, Boulder, Colorado by its mailing of SSS Form 253 to defendant.

■ Unlike the case of United States v. Abernathy, 334 F.Supp. 1201 (D.Colo.1971), cited by the defendant in support of his contentions, Local Board 33, in the instant case, complied with all pertinent regulations and the Transfer Board No. 9 complied with Section 1632.9(g). See: United States v. Dannehy, 437 F.2d 341 (9th Cir. 1971). When defendant refused to submit to induction on May 25, 1971, the February 22nd Induction Order was valid and in effect. At that time, defendant had a continuing duty to report for induction from day to day. White v. United States, 403 F.2d 1005 (8th Cir. 1968); Silverman v. United States, 220 F.2d 36 (8th Cir. 1955); United States v. Prince, 398 F.2d 686 (2nd Cir. 1968); 32 CFR § 1642.2. His refusal to submit to induction on May 25, 1971, did not in any way operate to effect the validity of the Induction Order issued February 22, 1971, nor did the Local Board terminate or suspend the Induction Order at that time. See: White v. United States, 403 F.2d 1005 (8th Cir. 1968). There is no authority to support the proposition that defendant's refusal to submit to induction on May 25, 1971, in some way operated as a "postponement" of induction which in some way "expired" after 120 days or required the issuance of a formal notice of Postponement of Induction

---

4. 32 C.F.R. § 1632.2(b) provides:
"The local board shall issue to each registrant whose induction is postponed a Postponement of Induction (SSS Form No. 264), shall mail a copy of such form to the State Director of Selective Service, and shall file a copy in the registrant's Cover Sheet (SSS Form No. 101). The local board shall note the date of the granting of the postponement and the date of its expiration in the 'Remarks' column of the Classification Record (SSS Form No. 102)."

5. 32 C.F.R. § 1632.9(g) requires only that "The local board to which the registrant has been transferred for induction shall prepare an Order for Transferred Man to Report for Induction (SSS Form No. 253), in duplicate, mail the original to the transferred registrant, and file the copy."

under 32 CFR § 1632.2.(b). Therefore, the Court finds that the Order to Report for Induction issued to defendant on February 22, 1971, was not postponed in violation of 32 CFR § 1632.2(a).

*(3) Whether or not the Selective Service Act of 1967 expired on July 1, 1971 under 50 Appendix, U.S.C. § 467(c).*

Section 467(c), Title 50 Appendix, U. S.C., the Selective Service Act of 1967, provided:

> Notwithstanding any other provisions of this title [sections 451, 453, 454, 455, 456, and 458–471 of this Appendix] no person shall be inducted for training and service in the Armed Forces after July 1, 1971, except persons now or hereafter deferred under section 6 of this title [section 456 of this Appendix] after the basis for such deferment ceases to exist.

On September 28, 1971, by Public Law 92–129, Title I, § 101(a) (35), the termination date was extended from July 1, 1971 to July 1, 1973, the extension to take effect retroactively on July 2, 1971.

Section 467(c) of the 1967 Act by its express terms merely terminates the power to induct certain persons after July 1, 1971. Nowhere in the Act is it stated, either directly or indirectly, that the entire Act terminates on that date. Furthermore, Section 467(c) permits induction of persons previously deferred under the Act *after* July 1, 1971. If congress had intended that the entire Selective Service Act should terminate on July 1, 1971, it would not have provided such an exception. United States v. Jones, 336 F.Supp. 878 (N.D.Cal. 1971); United States v. Kmetz, 330 F. Supp. 42 (W.D.Wis.1971). See also: Wally v. Tarr, 452 F.2d 1204 (2nd Cir. 1971).

The exception in Section 467(c) clearly states that the power to induct persons previously deferred under the Selective Service Act does not terminate on July 1, 1971. And, the Section does not require that an induction order issued prior to July 1, 1971, be cancelled if outstanding on that date if the person ordered for induction was previously deferred under the Act. Thus, the authority to induct persons who were deferred under the 1967 Selective Service Act did not expire on July 1, 1971, and it follows that an induction order issued to a previously deferred person prior to July 1, 1971 continued in effect subsequent to that date unless otherwise cancelled. See: Olar v. Tarr, 336 F.Supp. 1044 (N.D.Ill.1972).

It is clear that the defendant in the instant case falls under the exception in Section 467(c). Defendant's Selective Service file reveals that between October 23, 1967 and November 17, 1970, defendant received various deferments under the 1967 Act.[6] Defendant contends that if Section 467(c) is construed to extend previously deferred persons' vulnerability past July 1, 1971, and not to have this effect on persons not previously deferred, this would amount to a mistreatment of the class of registrants previously deferred. There is no authority presented in support of this contention, and the Court deems it to be entirely without merit. Therefore, the Court finds the induction order issued to defendant on February 22, 1971, did not expire on July 1, 1971, and any duty imposed upon the defendant by the order of February 22, 1971 continued in effect subsequent to July 1, 1971.[7]

*(4) Whether or not the induction order of October 14, 1971 cancelled or su-*

---

**6.** On October 23, 1967, defendant was classified II–S (student) until October 29, 1968. On June 17, 1969, defendant was classified II–S (student) until October 15, 1969. On February 17, 1970, defendant was classified II–S (student) until October 15, 1970. These classifications were deferments under Section 456

(h) (1) of Title 50 Appendix, United States Code, and 32 C.F.R. § 1622.25.

**7.** This finding is further supported by Section 109, Title 1, United States Code, which provides:
"The repeal of any statute shall not have the effect to release or extinguish

*perceded the induction order of February 22, 1971, or whether it merely provided defendant with a new date to report for induction as a continuance of the original order.*

Defendant contends that the induction order issued to him on February 22, 1971 was cancelled and superceded by the induction order issued to him on October 14, 1971. He further contends that the induction order of October 14, 1971 is invalid because prior to that date the defendant had filed an SSS Form 150 with Local Board No. 33 and stated a *prima facie* claim of conscientious objection and his classification was not re-opened by the Selective Service Board.

 As stated earlier in this opinion "An induction order imposes a continuing duty on the registrant to submit to induction." White v. United States, 403 F.2d 1005, 1007 (8th Cir. 1968). Defendant's refusal to submit to induction on May 25, 1971 in no way operated to release him of his duty to submit to induction under the Order of February 22, 1971, and in no way affected the continuing validity of that Order. White v. United States, *supra.* However if the Order to Report for Induction (SSS Form 252) issued to defendant on October 14, 1971 was in fact a *new* Order to Report for Induction, it had the effect of cancelling and superceding the original order of February 22nd. See White v. United States, 422 F.2d 1254 (9th Cir. 1970); Rodriguez v. United States, 452 F.2d 659 (7th Cir. 1972). In that event, a criminal prosecution against this defendant for failure to submit to induction on November 15,

1971 must rest entirely on the validity of the Induction Order of October 14, 1971.

The Government contends that the Order of October 14th was not a new Order to report for Induction, but rather was a continuation of the original Order issued to defendant to inform him of his continuing duty to report for induction and to give him a new time and place to report. Thus contending that prosecution rests on the validity of the Induction Order of February 22, 1971.

A review of defendant's Selective Service file reveals numerous items of correspondence which concern the issuance of the Induction Order of October 14, 1971. On June 3, 1971, Local Board No. 33 sent the following letter to the State Director of Selective Service, Topeka, Kansas:

"Our registrant, Robert Cutler Case, Jr., 14 33 49 833 (70)022, EPSG refused induction on 25 May, 1971 at the Armed Forces Induction Station, Denver, Colorado. Cover Sheet is forwarded for your review and action."

State Director, Junior F. Elder, replied to the above letter on June 18, 1971, as follows:

"Any registrant who is issued the SSS Form 253 since 12 March 1971, and who failed to report for induction or refused to submit to induction, shall be issued a new Order to Report for Induction (SSS Form 252) and any transfer will be in accordance with the procedures outlined in LBM No. 116.

Returned herewith is the cover sheet (33–209) and contents." [8]

any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability. The expiration of a temporary statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the

temporary statute shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."

8. Defendant was issued SSS Form No. 253 on April 29, 1971. LBM No. 116 was originally issued on September 29, 1970, and provided for transfer of a registrant to another *local board* for induc-

These letters indicate that defendant was to be issued a new Order to Report for Induction and not simply an order continuing the original Order. This is supported by the fact that Local Board No. 33 was not directed to, and did not issue to defendant an SSS Form C–190, which is the official form designed to inform a registrant of his continuing duty to submit to induction under an outstanding Induction Order, see, e. g., United States v. Martinez, 427 F.2d 1358 (9th Cir. 1970) cert. den. 400 U.S. 879, 91 S.Ct. 122, 27 L.Ed.2d 117 (1970); nor did the Board inform the defendant of his continuing duty by letter, see, e. g., White v. United States, 403 F.2d 1005 (8th Cir. 1968). Rather, Local Board No. 33, at the direction of the State Director, issued defendant an SSS Form 252, which pursuant to 32 C.F.R. § 1632.1 is the first step taken by the local board in the induction process.

Following receipt of the Induction Order of October 14th, defendant, through his attorney, sent the following letter to Local Board No. 33, Olathe, Kansas:

"Dear Sirs:

This letter is in regard to my client, Robert Cutler Case, Jr., SS #14–33–49–883. On behalf of Mr. Case I must ask whether his Order to Report for Induction on November 15, 1971, is based upon the Selective Service Act of 1971. If the aforesaid order is based upon the Selective Service Act of 1971, then Mr. Case would of course desire the reprocessing of his claim for I–O status, inasmuch as he would wish to avail himself of the additional rights and privileges afforded him by the 1971 Act.

Best regards,
H. Jackson Zinn."

After requesting advice on this inquiry from the State Director, Local Board No. 33 advised Mr. Zinn by letter on November 5, 1971, as follows:

"Dear Sir:

The Order to Report for Induction (SSS Form 252) issued to Robert Cutler Case, Jr., 14 33 49 883, is based on the Military Selective Service Act 1967. Mr. Case complied with the original order issued on 22 February 1971, but transferred to Colorado and refused induction. The current SSS Form 252 is in compliance with instructions from National Headquarters, and gives the registrant another opportunity and a new date to report for induction.

For the Local Board
Mrs. Grace E. Myers
Executive Secretary"

This letter reveals that Local Board No. 33 was not itself convinced of what effect the October 14th order was to have. As stated by Mrs. Myers at the trial of this cause in regard to why the October 14th order was issued:

"This executive order [LBM No. 116] in effect stated that a man who was under orders to report for induction could not transfer his induction from one station to another. Therefore, those men who had transferred their induction were to be re-ordered and given another opportunity in case there was any legal paper work in this instance."

"This was simply a continuance of the original order. The order had not been cancelled, but this was done at National as a continuance of the original order."

 Under the evidence presented to the Court in this case, it finds that the Selective Service System treated the order of October 14, 1971 as a new Order to Report for Induction, and that the de-

---

tion pursuant to 32 C.F.R. § 1628.14(c) (1) and § 1632.9(c) (1). On June 10, 1971, LBM No. 116 was amended to provide that transfer of a registrant for induction was to be to the *Armed Forces Examination and Entrance Station* near-est the location of the registrant requesting transfer. The amended version of LBM No. 116 specifically provided: "A registrant may no longer have his induction transferred to another local board." See SSLR 2200:20.1.

fendant was led to believe that this was a new Order and a complete re-processing of his induction into the Armed Forces. The Kansas State Selective Service Administration and the Local Board, as evidenced by the correspondence quoted above, treated the order of October 14th as a "new Order to Report for Induction" and referred to it as such. Furthermore, Local Board No. 33 issued defendant a SSS Form 252 making no mention of the earlier order of February 22, 1971 or a continuing duty existing thereunder, and the Selective Service Administration took no action in regard to defendant's refusal to submit to induction under the earlier order. Most important, however, Local Board No. 33 informed the defendant and his attorney upon inquiry that "Mr. Case complied with the original order issued on 22 February 1971," and "the current SSS Form 252 * * * gives the registrant *another opportunity* and a new date to report for induction." (emphasis added). These actions when viewed as a whole, would reasonably cause the defendant to believe that the October 14th Order was a new order to report and should be treated as such by him in determining the validity of the order in light of his previously filed claim for an I–O classification.

As stated by the Eighth Circuit Court of Appeals in United States v. Chaudron, 425 F.2d 605, 608 (1970):

"A plethora of regulations have been promulgated in the field of Selective Service law, delineating procedures whereby registrants are to be classified, processed, and inducted—or ordered to report for civilian work in lieu of induction. Members of draft boards and their clerks are not experts in Selective Service Law. Thus, errors in processing a registrant for induction or alternative civilian work are not infrequent. As the Ninth Circuit observed in Oshatz v. United States, 404 F.2d 9, 12 (9th Cir. 1968):

'Even the most casual glance at the case law will reveal a staggering array of deviations from the regulations which have been advanced as defenses to prosecutions for refusal to submit to induction.' Consequently, courts have divided the waters of procedural irregularity: Those causing substantial prejudice to flow to the registrant are deemed to mandate sustainment of his defense. See, e. g. Simmons v. United States, 348 U.S. 397, 75 S.Ct. 397, 99 L.Ed. 453 (1955); United States v. Rundle, 413 F.2d 329 (8th Cir. 1969); Oshatz v. United States, *supra*; Briggs v. United States, 397 F.2d 370 (9th Cir. 1968)."

In light of the particular facts of this case, the Court finds that the Order to Report for Induction (SSS Form 252) issued to defendant on October 14, 1971, ordering him to report for induction on November 15, 1971, was a new order to report and not a continuance of the Induction Order of February 22, 1971. Thus, the Form 252 Order of October 14, 1971 cancelled and superceded the Order of February 22, 1971.[9] See White v. United States, 422 F.2d 1254 (9th Cir. 1970); Rodriguez v. United States, 452 F.2d 659 (7th Cir. 1972).

## CONCLUSION AND JUDGMENT

 It being the Court's conclusion that the induction order of October 14, 1971 was a new order to report and not a continuation of the original order of February 22, 1971, defendant's application to Local Board No. 33 for an I–O classification on April 13, 1971 was timely made. Therefore, defendant's pre-induction prima facie claim for a change in classification based on new factual allegations which were not conclusively refuted by other information in his file entitled him to have his classification re-opened by Local Board No. 33. Accordingly, the order to report for induction issued to defendant on October

9. The Court does not here rule on the question of whether or not this cancellation had a retroactive effect. See United States v. Maybury, 453 F.2d 1233 (9th Cir. 1972); United States v. Wilson, 427 F.2d 649 (9th Cir. 1970).

14, 1971 was invalid, and the defendant should therefore be acquitted of the charge of failing to submit to induction under that order. Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970).

Accordingly, the Court hereby enters judgment of acquittal.

It is so ordered.